MATTER OF VELASCO

In Deportation Proceedings

A-10705669

*Decided by Board July 25, 1977*

Conviction for misprision of a felony to wit, possession of marihuana with intent to distribute, is not a conviction of a law "relating to the illicit possession of or traffic in narcotic drugs or marihuana," and does not subject respondent to deportability under section 241(a)(11) of the Immigration and Nationality Act.

CHARGE:

Order: Act of 1952—Section 241(a)(11) [8 U.S.C. 1251(a)(11)]—Convicted of a violation of law relating to illicit possession of marihuana

ON BEHALF OF RESPONDENT: Joseph Abraham, Esquire
Charles Louis Roberts, Esquire
505 Caples Building
El Paso, Texas 79901

BY: Wilson, Acting Chairman; Maniatis, Appleman, and Maguire, Board Members

In a decision dated February 3, 1976, the immigration judge found the respondent deportable under section 241(a)(11) of the Immigration and Nationality Act and ordered his deportation. The respondent has appealed from that decision. The appeal will be sustained and the proceedings will be terminated.

The respondent, a native and citizen of Mexico, was admitted to the United States for permanent residence on September 14, 1956. On March 14, 1975, the respondent pled guilty in the United States District Court for the Western District of Texas to misprision of a felony, to wit, possession of marihuana with intent to distribute, in violation of 18 U.S.C. §4 which provides as follows:

4. Misprision of felony.—Whoever, having knowledge of the actual commission of a felony cognizable by a court of the United States, conceals and does not as soon as possible make known the same to some judge or other person in civil or military authority under the United States, shall be fined not more than $500 or imprisoned not more than three years, or both.

These deportation proceedings were subsequently instituted against the respondent under section 241(a)(11) of the Act which provides in pertinent part:

(a) Any alien in the United States. . . shall, upon the order of the Attorney General, be deported who—. . .

(11) . . . at any time has been convicted of a violation of, or a conspiracy to violate, any law or regulation relating to the illicit possession of or traffic in narcotic drugs or marihuana. . . .

At the hearing before the immigration judge on December 17, 1975, the respondent made a claim to United States citizenship on the basis of evidence that his adoptive father is a United States citizen. The immigration judge rejected the claim on the ground that, having admitted birth in Mexico, the respondent is presumed to be an alien. He further concluded that the respondent had failed to sustain his burden of going forward with the evidence to show otherwise. We agree with the immigration judge's holding. *Matter of Leyva,* Interim Decision 2559 (BIA January 18, 1977); *Matter of Vergara,* Interim Decision 2408 (BIA 1975); *Matter of Ponco,* Interim Decision 2326 (BIA 1974); *Matter of Tijerina-Villarreal,* 13 I. & N. Dec. 327 (BIA 1969).

The respondent also argues that a conviction for misprision of a felony, to wit, possession of marihuana with intent to distribute, is not a conviction of a violation of a law "relating to . . . marihuana." Accordingly, he denies that his conviction subjects him to deportation under section 241(a)(11) of the Act.

The immigration judge, however, concluded that the phrase "relating to . . .marihuana" was broad enough to encompass convictions for misprision of a felony provided the felony concealed is a crime "relating to . . .marihuana." In so holding he relied on the Attorney General's decision in *Matter of N—,* 6 I. & N. Dec. 557 (A.G. 1955). The alien in *Matter of N* had been convicted of a conspiracy to sell, dispense and distribute heroin. Section 241(a)(11) of the 1952 Act had not yet been amended to specifically include convictions for conspiracy.[1] The Attorney General, however, held that the phrase "relating to" was broad enough to encompass convictions for conspiracy to violate the narcotic laws.

The question presented in the instant case was recently answered by the United States Court of Appeals for the Sixth Circuit in *Castaneda de Esper* v. *INS,* No. 76-1237 (6 Cir. June 15, 1977). Reversing a decision of this Board (*Matter of Esper,* A30 241 082, December 22, 1975) the court held that a conviction for misprision of a felony is not a conviction for a violation of a law "relating to . . . marihuana" even though the felony concealed is a crime for which a conviction would clearly fall within the provisions of section 241(a)(11) of the Act. In its opinion the court stated that the crime of misprision of a felony is a criminal offense separate and distinct from the particular felony con-

---

[1] The phrase "or a conspiracy to violate" was added by the Narcotic Control Act of 1956, Pub, L. No. 84-728, 70 Stat. 567.

cealed. It declined to adopt an interpretation of section 241(a)(11) which would incorporate the conviction for misprision of a felony into the underlying offense concealed by the alien.

We shall follow the court's decision in *Esper*, specifically that a conviction for misprision of a felony, to wit, possession of marihuana with intent to distribute, is not a conviction of a law "relating to . . . marihuana." Consequently, the appeal will be sustained and the proceedings against the respondent will be terminated.

**ORDER:** The appeal is sustained; the deportation proceedings are terminated.