UNITED STATES of America, Plaintiff,

v.

Elisandro NAVA–MALDONADO, Defendant.

No. CR–R–83–17–ECR.

United States District Court, D. Nevada.

July 8, 1983.

Donald Cavin Hill, Asst. U.S. Atty., Reno, Nev., for plaintiff.

N. Patrick Flanagan, Asst. Federal Public Defender, Reno, Nev., for Elisandro Nava-Maldonado.

## MEMORANDUM DECISION AND ORDER

EDWARD C. REED, Jr., District Judge.

Defendant Elisandro Nava-Maldonado has made an F.R.Cr.P. 29(c) motion for a judgment of acquittal on the ground that the crime of being an accessory after the fact (18 U.S.C. § 3), of which he has been convicted, is not a lesser included offense to aiding and abetting the transporting of illegal aliens. He had not been charged in the indictment with being an accessory after the fact. The jury acquitted him of the substantive offense.

It was Defendant who requested that the jury be instructed that the law permitted it to find him guilty of being an accessory after the fact, as a lesser included offense, if it found him not guilty of transporting illegal aliens. The request was made after all the evidence had been received, and just prior to the settling of jury instructions. The Government raised no objections and,

in fact, stipulated to the giving of the three instructions dealing with the accessory after the fact offense. Now, Defendant contends that he was in error in requesting those instructions and that the Court committed error in giving them. His argument is that being an accessory after the fact is not a lesser included offense, because certain elements must be proved for conviction that are not required as to the substantive offense of aiding and abetting the transporting of illegal aliens.

The Government has opposed Defendant's motion for a judgment of acquittal. It argues that the Ninth Circuit follows the "inherent relationship" test as to lesser included offenses, so that a mere comparison of essential elements is not determinative as to whether being an accessory after the fact is necessarily included in the crime of aiding and abetting the transporting of illegal aliens.

In addition, the Government emphasizes that Defendant himself asked that the jury be charged as to the accessory after the fact offense, so that he cannot claim denial of due process by reason of any variance between the indictment and the jury verdict. Further, the Government urges that Defendant cannot claim error as to jury instructions that he himself requested.

Count I of the indictment charged Defendant and two co-defendants with transporting and aiding and abetting the transporting of illegal aliens from Santa Ana, California, to Nevada, in violation of 8 U.S.C. § 1324(a)(2) and 18 U.S.C. § 2. Count II charged the two co-defendants, but not Defendant, with transporting (smuggling) and aiding and abetting the smuggling of illegal aliens into the United States from Mexico and moving them to near Mountain City, Nevada, in violation of 8 U.S.C. § 1324(a)(1) and 18 U.S.C. § 2.

The lesser included offense instructions given to the jury by stipulation declared that the offense of being an accessory after the fact is a lesser included offense to transporting illegal aliens and that the essential elements that the Government had the burden of proving beyond a reasonable doubt were (1) that Defendant knew that a

co-defendant had either smuggled or transported illegal aliens, (2) that Defendant relieved or assisted the co-defendant in order to hinder the latter's apprehension, and (3) that Defendant relieved or assisted the co-defendant willfully and with the specific intent to do so.

F.R.Cr.P. 31(c) provides: "The defendant may be found guilty of an offense necessarily included in the offense charged . . . ." The terms "lesser included" and "necessarily included" are used interchangeably by the courts; Rule 31(c) covers both. *United States v. Johnson,* 637 F.2d 1224, 1233 n. 12 (9th Cir.1980). It goes without saying that a defendant may only "be convicted of a lesser offense necessarily included in the offense *with which he is* charged." (Emphasis added). 3 Wright, Fed.Prac. and Proc., Crim.2d § 516 at p. 25. This has some importance in a case like this, where the United States Attorney adhered to the *Petite* policy. That policy is that multiple offenses arising out of a single transaction shall be alleged and tried together, and not made the basis for multiple prosecutions. *Orlando v. United States,* 387 F.2d 348, 349 (9th Cir.1967). Defendant Nava-Maldonado was not charged with smuggling illegal aliens into this country, nor with aiding and abetting such smuggling. He was charged with transporting or aiding and abetting the transporting of illegal aliens from Santa Ana, California, to Nevada. There was no reference made to the other count in the count of the indictment in which he was named. If he was guilty of being an accessory after the fact, it had to be in connection with the transporting of the aliens between states and not the smuggling of them into the United States.

One who aids or abets the commission of a federal offense is punishable as a principal. 18 U.S.C. § 2. Therefore, Defendant was charged as a principal no matter whether he transported illegal aliens or aided and abetted their transport. Traditionally, one indicted as a principal could not be convicted as an accessory after the fact. *Government of Virgin Islands v. Aquino,* 378 F.2d 540, 553–4 (3rd Cir.1967).

The *Aquino* opinion points out the substantive difference in the nature of the criminal conduct involved as between being an aider and abettor and an accessory after the fact. One who is an accessory after the fact assists an offender after the latter has already committed a crime; the assistance is for the purpose of hindering or preventing the apprehension or punishment of the offender. The assistance given by the accessory after the fact is not in connection with the commission of the crime by the offender. Therefore, the offense committed by the accessory after the fact has been treated as separate and distinct from the crime committed by a principal. *Id.; Orlando v. United States,* 377 F.2d 667, 670 (9th Cir.1967), *vac. on oth. gds.* 387 F.2d 348 (9th Cir.1967); *United States v. Varelli,* 407 F.2d 735, 749 n. 10 (7th Cir.1969); *United States v. Jackson,* 448 F.2d 963, 971 (9th Cir.1971).

In light of the foregoing, it is not surprising that research has not uncovered any case where the offense of being an accessory after the fact has been treated as a lesser included offense. The Ninth Circuit arguably may have opened the door a little, however, by adopting the "inherent relationship" test to determine the existence of an included offense. *United States v. Johnson,* 637 F.2d 1224, 1234 (9th Cir.1980), following *United States v. Stolarz,* 550 F.2d 488, 491 (9th Cir.1977). The Government's response to Defendant's instant motion contends that, under the facts adduced at trial, accessory after the fact is a lesser included offense here. The test is whether there is an "inherent" relationship between the greater offense and the crime alleged to be a lesser included offense. *Johnson* at 1236; *Stolarz* at 491. By this is meant that the two offenses relate to protection of the same interests and, further, that they are so related that generally, though not invariably, proof of the lesser offense is necessarily presented as part of the showing of the commission of the greater offense. *Ibid.*

■ A lesser included offense instruction is proper only where the evidence would permit the jury rationally to find the defendant guilty of the lesser offense and acquit him of the greater. *Johnson* at 1233, *United States v. Muniz,* 684 F.2d 634, 636 (9th Cir.1982); *United States v. Harvey,* 701

F.2d 800, 807 (9th Cir.1983). In considering the prerequisite, the primary focus must be on the evidence presented at trial. *Johnson* at 1234. There must be some evidence that would justify conviction for the lesser included offense. *Stolarz* at 492.

■ 18 U.S.C. § 3 defines accessory after the fact. In essence, it provides that a person who, knowing that a federal offense "has been committed," relieves or assists the offender in order to hinder or prevent the offender's apprehension, trial or punishment, is an accessory after the fact. The acts that make a person an accessory after the fact can only occur after the substantive crime has been committed. *United States v. Barlow,* 470 F.2d 1245, 1252–3 (D.C.Cir.1972); *Government of Virgin Islands v. Aquino,* 378 F.2d 540, 553 (3rd Cir.1967); *United States v. Balano,* 618 F.2d 624, 633 (10th Cir.1979). For the purpose of determining whether a person is an aider and abettor or an accessory after the fact, the substantive crime continues so long as the perpetrator of that crime indicates that he has not yet reached his destination. *See Barlow* at 1253; *United States v. York,* 578 F.2d 1036, 1040 (5th Cir.1978). The aiding and abetting statute, 18 U.S.C. § 2, makes punishable as a principal one who aids or abets another in the commission of a federal offense. *Londono-Gomez v. I.N.S.,* 699 F.2d 475, 476 (9th Cir.1983). However, it does not define a crime. *Id.* at 477; *Baumann v. United States,* 692 F.2d 565, 571 (9th Cir.1982). Therefore, an indictment under the statute must be accompanied by an indictment for a substantive offense. *Londono-Gomez* at 477; *United States v. Cowart,* 595 F.2d 1023, 1031 n. 10 (5th Cir. 1979). Defendant Nava-Maldonado was indicted for transporting illegal aliens and aiding and abetting the transporting of illegal aliens. No matter which was proved, he would have been punished as a principal. However, he was acquitted. He was not indicted for smuggling illegal aliens into this country. Since any lesser included offense must have been included in the offense with which he was charged, as discussed above, he could not be convicted of being an accessory after the fact as to smuggling. If at all, he must have been an accessory after the fact as to transporting illegal aliens.

■ The uncontroverted evidence received at the trial showed that the van in which Defendant, a co-defendant, and nineteen other illegal aliens were traveling when apprehended was headed for the Glens Ferry area of Idaho. Farm jobs awaited them there. The farmer for whom they were to work had promised payment of four hundred dollars for transportation of each alien upon arrival. The van was still in Nevada and headed toward the Idaho border when it was stopped in Mountain City, Nevada, by an Elko County, Nevada, deputy sheriff. Defendant and the others were, therefore, arrested before they had reached their destination. For the purpose of determining whether a participant was an aider and abettor or an accessory after the fact, the substantive crime of transporting illegal aliens had not yet been committed (completed). It necessarily follows that, as a matter of law, Defendant could not have been an accessory after the fact. The prerequisite that the substantive crime already have been committed was not satisfied.

The Government contends that the merits of Defendant's motion should not be considered in the first instance, for it was Defendant who requested that the jury be instructed on accessory after the fact as a lesser included offense. Further, Defendant stipulated that the instructions actually given be given. (They were erroneous in that they told the jury that Defendant could be convicted as an accessory after the fact if he knew that a co-defendant had smuggled the illegal aliens into this country). The Government's position is technically correct. This was "invited error." "Under the doctrine of 'invited error' a party cannot successfully take advantage of error committed by the court at his request." *Jentick v. Pacific Gas & Electric Co.,* 114 P.2d 343, 345 (Cal.1941); *see also United States v. Alexander,* 695 F.2d 398, 402 (9th Cir.1982); *United States v. Montecalvo,* 545 F.2d 684, 685 (9th Cir.1976). *Jentick* held that a defendant cannot attack a verdict resulting from an erroneous instruction which the defendant had prompted,

regardless of good faith. It necessarily follows that Defendant's motion for acquittal must be denied.

This causes the dismaying and distressful result of Defendant being subject to punishment for an offense which the law says he cannot have committed. With the benefit of hindsight, it appears that three actors were in error. Defendant's counsel shouldn't have requested accessory after the fact instructions and shouldn't have stipulated to the giving of the erroneous instructions actually given to the jury. The Court shouldn't have granted the request for such instructions, and shouldn't have given erroneous instructions. Government counsel shouldn't have stipulated to the giving of instructions on accessory after the fact at all, much less erroneous ones.

Such a shadow on the integrity of this Court's judicial proceedings will not be tolerated. Despite the required denial of Defendant's Rule 29(c) motion, the Court retains the inherent power to grant a judgment of acquittal on its own motion. *State of Ariz. v. Manypenny*, 672 F.2d 761, 764 (9th Cir.1982); *see also Ansley v. United States*, 135 F.2d 207, 208 (5th Cir.1943). The Court considers it imperative to exercise this power here. This decision is not an easy one. It is possible the jury would have convicted Defendant as a principal had the accessory after the fact option not been provided to it. All the effort, time and money expended by the Government to bring Defendant to justice results in an unsatisfactory conclusion to his case.

IT IS HEREBY ORDERED that Defendant Elisandro Nava-Maldonado's motion for judgment of acquittal be, and the same hereby is, denied.

IT IS FURTHER ORDERED, on the Court's own motion, that the jury verdict, dated May 26, 1983, finding Defendant Elisandro Nava-Maldonado guilty of the lesser included offense of being an accessory after the fact be, and the same hereby is, set aside.

IT IS FURTHER ORDERED that a Judgment and Commitment Order be entered reflecting a judgment of acquittal in favor of Defendant Elisandro Nava-Maldo-nado as to the lesser included offense of being an accessory after the fact.