# In re Juan BATISTA-HERNANDEZ, Respondent

File A91 548 877 - Oakdale

*Decided July 15, 1997*

U.S. Department of Justice
Executive Office for Immigration Review
Board of Immigration Appeals

(1) The offense of accessory after the fact to a drug-trafficking crime, pursuant to 18 U.S.C. § 3 (Supp. V 1993), is not considered an inchoate crime and is not sufficiently related to a controlled substance violation to support a finding of deportability pursuant to section 241(a)(2)(B)(i) of the Immigration and Nationality Act, 8 U.S.C. § 1251(a)(2)(B)(i) (1994).

(2) The respondent's conviction pursuant to 18 U.S.C. § 3 establishes his deportability as an alien convicted of an aggravated felony under section 241(a)(2)(A)(iii) of the Act, because the offense of accessory after the fact falls within the definition of an obstruction of justice crime under section 101(a)(43)(S) of the Act, 8 U.S.C.A. § 1101(a)(43)(S) (West Supp. 1997), and because the respondent's sentence, regardless of any suspension of the imposition or execution of that sentence, "is at least one year."

FOR RESPONDENT: H. Todd Nesom, Esquire, Oakdale, Louisiana

FOR THE IMMIGRATION AND NATURALIZATION SERVICE: Joyce L. Richard, General Attorney

BEFORE: Board En Banc: DUNNE, Vice Chairman; VACCA, HEILMAN, HOLMES, HURWITZ, VILLAGELIU, FILPPU, MATHON, and GUENDELSBERGER, Board Members. Concurring and Dissenting Opinions: COLE, Board Member; ROSENBERG, Board Member, joined by SCHMIDT, Chairman.

HOLMES, Board Member:

In a decision dated April 19, 1995, the Immigration Judge found the respondent deportable as charged and certified the case to this Board pursuant to 8 C.F.R. § 3.1(c) (1995). The decision of the Immigration Judge will be reversed in part and affirmed in part.

## I. PROCEDURAL HISTORY

The respondent is a native and citizen of the Dominican Republic who originally entered the United States without inspection on or about May 1, 1985. On November 16, 1988, the Immigration and Naturalization Service granted the respondent temporary resident status pursuant to section 210 of

the Immigration and Nationality Act, 8 U.S.C. § 1160 (1988). He thereafter adjusted his status to that of a lawful permanent resident. The record reflects that the respondent was convicted on April 5, 1993, in the United States District Court for the District of Connecticut, of the offense of accessory after the fact in violation of 18 U.S.C. § 3 (Supp. V 1993). The Service charged that the respondent was deportable pursuant to sections 241(a)(2)(A)(iii) and (B)(i) of the Immigration and Nationality Act, 8 U.S.C. §§ 1251(a)(2) (A)(iii) and (B)(i) (1994), as an alien convicted of an aggravated felony and a controlled substance violation. The Immigration Judge found the respondent deportable on both grounds and certified his decision to the Board. On certification, the Service has offered additional arguments in support of the decision of the Immigration Judge.

## II. THE RESPONDENT'S CONVICTION

The respondent was convicted as an accessory after the fact pursuant to section 18 U.S.C. § 3. This statute criminalizes the following behavior:

> Whoever, knowing that an offense against the United States has been committed, receives, relieves, comforts or assists the offender in order to hinder or prevent his apprehension, trial or punishment, is an accessory after the fact.

> [A]n accessory after the fact shall be imprisoned not more than one-half the maximum term of imprisonment or fined not more than one-half the maximum fine prescribed for the punishment of the principal, or both . . . .

The respondent's indictment tracks the statutory language and charges that the respondent, knowing that both a conspiracy to distribute and the distribution of heroin had been committed, nonetheless received, relieved, comforted, and assisted the offender, Radhames Franco, in order to hinder and prevent Mr. Franco's apprehension, trial, and punishment. The Immigration Judge found that the respondent's conviction under this statute was one "relating to a controlled substance" violation for purposes of establishing deportability under section 241(a)(2)(B)(i) of the Act because the respondent assisted Mr. Franco, a controlled substance trafficker. Similarly, the Immigration Judge found that the respondent has committed an aggravated felony because his crime "directly relate[d]" to Mr. Franco's underlying controlled substance trafficking crime. While we find that the respondent's conviction pursuant to 18 U.S.C. § 3 supports a finding that he is deportable as an aggravated felon under current law, we do not find that the respondent was "convicted of a violation of . . . [a] law . . . relating to a controlled substance." *See* section 241(a)(2)(B)(i) of the Act.

## III.  SECTION 241(a)(2)(B)(i) OF THE ACT

The respondent was charged with deportability under section 241(a)(2)(B)(i) of the Act,[1] which provides:

> Any alien who at any time after entry has been convicted of a violation of (or a conspiracy or attempt to violate) any law or regulation of a State, the United States, or a foreign country relating to a controlled substance (as defined in section 102 of the Controlled Substances Act (21 U.S.C. 802)), other than a single offense involving possession for one's own use of 30 grams or less of marijuana, is deportable.

### A.  The Service's Argument
### Regarding Crimes Involving Moral Turpitude

On certification, the Service initially argues that we should find that the respondent's conviction relates to a controlled substance because the underlying substantive crime committed by Mr. Franco relates to a controlled substance. In support of its argument, the Service cites to Board precedent holding that if the underlying or substantive crime for which an alien is convicted involves moral turpitude, then a conviction for aiding in the commission of that crime or for otherwise acting as an accessory before the fact is also a conviction for a crime involving moral turpitude. *See Matter of Short*, 20 I&N Dec. 136 (BIA 1989). The Service notes that in *Matter of Sanchez-Marin*, 11 I&N Dec. 264 (BIA 1965), the Board held that an alien convicted for accessory to manslaughter after the fact had been convicted of a crime involving moral turpitude because manslaughter is a crime involving moral turpitude. *See also Cabral v. INS*, 15 F.3d 193 (1st Cir. 1994).

However, the issue whether the respondent's conviction might establish his deportability arising from a conviction for a crime involving moral turpitude is not before us, as the Service has not charged him under section 241(a)(2)(A) of the Act. Rather, the Service has charged him as an alien convicted of an aggravated felony and a controlled substance violation. Also, the analysis in the cases cited above does not directly control the issue of the respondent's deportability under section 241(a)(2)(B)(i) of the Act, which requires that he have been convicted of a violation of "any law . . . relating to a controlled substance." We do not find that the respondent was convicted of violating such a law.

---

[1] Section 241(a)(2)(B)(i) of the Act was amended by section 308(f)(1)(N) of the Illegal Immigration Reform and Immigrant Responsibility Act of 1996, Division C of Pub. L. No. 104-208, 110 Stat. 3009-546, 3009-621 ("IIRIRA"), and redesignated as section 237(a)(2)(B)(i) of the Act by section 305(a)(2) of the IIRIRA, 110 Stat. at 3009-598, applicable to cases initiated on or after April 1, 1997. Thus, the respondent is not subject to the amended ground of deportability.

## B. Inchoate Crimes

The Service notes that laws pertaining to various inchoate crimes, such as solicitation, facilitation, and accessory before the fact, have been found to relate to controlled substance violations for deportability purposes. *See Coronado-Durazo v. INS*, 108 F.3d 210 (9th Cir. 1997). It is true that we have generally held that section 241(a)(2)(B)(i) of the Act, and its predecessor, section 241(a)(11) of the Act, 8 U.S.C. § 1251(a)(11) (1988), encompasses many inchoate or preparatory crimes when the underlying substantive crime involves a drug offense. *See Matter of Beltran*, 20 I&N Dec. 521, 528 (BIA 1992)(solicitation); *Matter of Del Risco*, 20 I&N Dec. 109 (BIA 1989) (facilitation); *Matter of Bronsztejn*, 15 I&N Dec. 281 (BIA 1974) (attempt); *Matter of N-*, 6 I&N Dec. 557 (BIA, A.G. 1955) (conspiracy); *Matter of G-*, 6 I&N Dec. 353 (BIA 1954)(attempt). Many inchoate crimes "relate to" an underlying controlled substance offense because, while these crimes are not lesser included offenses of controlled substance violations, they nonetheless involve acts closely related to the culmination of the substantive controlled substance offense. In *Matter of Beltran, supra*, we discussed these "preparatory crimes" and noted that the introduction to Article 5 of the Model Penal Code, which deals with inchoate crimes, indicates that these offenses always presuppose a purpose to commit another substantive offense. Similarly, *Barron's Law Dictionary* defines an inchoate crime as

> that which is not yet completed or finished. Inchoate offenses are those offenses such as attempt, solicitation, or conspiracy to commit a crime, all of which involve conduct designed to culminate in the commission of a substantive offense but has either failed or has not yet achieved its culmination because there is something that the actor or another still must do.

*Barron's Law Dictionary* 222 (1984); *see also* Model Penal Code art. 5 introduction at 293 (1985).

In contrast to the crimes referenced in the Service's appellate brief, the respondent's accessory after the fact offense does not constitute an inchoate crime because the act criminalized by 18 U.S.C. § 3 must, by its nature, take place subsequent to the completion of the underlying felony. Courts have held that "(t)he gist of being an accessory after the fact lies essentially in obstructing justice by rendering assistance to hinder or prevent the arrest of the offender after he has committed the crime . . . . The very definition of the crime also requires that the felony not be in progress when the assistance is rendered because then he who renders assistance would aid in the commission of the offense and be guilty as a principal." *United States v. Barlow*, 470 F.2d 1245, 1252-53 (D.C. Cir. 1972); *see also United States v. Nava-Maldonado*, 566 F. Supp. 1436 (D. Nev. 1983). Given the nature of the respondent's crime, we do not find that his accessory after the fact conviction "relates to" Mr. Franco's distribution conviction in the same manner that inchoate crimes relate to their principal crimes.

## C. Other Independent Statutes

Extending our analysis beyond the inchoate crimes cited by the Service, we find it relevant to examine the federal crimes which immediately precede and succeed the crime of accessory after the fact in the United States Code. Like 18 U.S.C. § 3, under which the respondent was convicted of being an accessory after the fact, 18 U.S.C. § 2 (1994), which criminalizes aiding and abetting, and 18 U.S.C. § 4 (1994), which criminalizes misprision, are not included in any part of the federal code pertaining to drugs. Moreover, neither of these provisions of law, by their language, expressly involves controlled substance violations. We will look to these statutes for some guidance in determining the respondent's deportability pursuant to section 241(a)(2)(B)(i) of the Act.

### 1. 18 U.S.C. § 4—Misprision of a felony

An essential element of the crime of misprision is that the perpetrator must know that a felony *has already been committed*. Therefore, misprision, like accessory *after the fact*, is not an inchoate crime.[2] The United States Court of Appeals for the Sixth Circuit found in *Castaneda de Esper v. INS*, 557 F.2d 79 (6th Cir. 1977), that a conviction for misprision of a felony under 18 U.S.C. § 4 did not establish an alien's deportability as a controlled substance violator under former section 241(a)(11) of the Act. Following the Sixth Circuit's rationale, this Board also ruled that a conviction for misprision does not sufficiently relate to a controlled substance violation to render an alien deportable pursuant to section 241(a)(11). *See Matter of Velasco*, 16 I&N Dec. 281 (BIA 1977).

### 2. 18 U.S.C. § 2—Aiding and Abetting

On the other hand, the courts have found that a conviction for the federal crime of aiding and abetting under 18 U.S.C. § 2 does constitute a conviction for a controlled substance violation for purposes of section 241(a)(11) of the Act.[3] *See Londono-Gomez v. INS*, 699 F.2d 475 (9th Cir. 1983); *United*

---

[2] The crime of misprision of felony is defined in 18 U.S.C. § 4 as follows:

> Misprision of felony. - Whoever, having knowledge of the actual commission of a felony cognizable by a court of the United States, conceals and does not as soon as possible make known the same to some judge or other person in civil or military authority under the United States, shall be fined under this title or imprisoned not more than three years, or both.

[3] The federal aiding and abetting statute, found at 18 U.S.C. § 2, provides as follows:
Principals

> (a) Whoever commits an offense against the United States or aids, abets, counsels, commands, induces or procures its commission, is punishable as a principal.

> (b) Whoever willfully causes an act to be done which if directly performed by him or another would be an offense against the United States, is punishable as a principal.

*States v. Gonzalez*, 582 F.2d 1162 (7th Cir. 1978). Like both accessory after the fact and misprision, the crime of aiding and abetting does not meet the definition of an inchoate crime. *See Matter of Beltran, supra*. Rather, courts have historically found that the crime of aiding and abetting "merely codified the accepted principles governing who could be held liable for the commission of a substantive offense." *United States v. Gonzalez, supra*, at 1165. Because aiding and abetting is not considered a separate crime from the substantive offense, the crime of aiding and abetting a controlled substance violator has been found to be a deportable act pursuant to section 241(a)(11) of the Act. *See Londono-Gomez v. INS, supra; United States v. Gonzalez, supra; see also Matter of Beltran, supra* (noting that "'[u]nlike the misprision of felony statute, the aiding and abetting statute does not define a separate offense'") (quoting the Ninth Circuit in *Londono-Gomez v. INS, supra*, at 476).

## D. The Respondent's Accessory After the Fact Conviction

Although accessory after the fact falls somewhere between misprision of a felony and aiding and abetting in terms of its relation to the underlying crime, we find that it is more akin to misprision. In *Matter of Beltran, supra*, and the cases discussed therein, we focused our analysis on the historical treatment of the crime in question and the penalties invoked therefor. While courts treat a person who aids and abets others as an additional party to the substantive crime, one who is an accessory after the fact, like an individual guilty of misprision, has been found to have committed a separate and distinct crime from the substantive offense committed by the principal. *See Bollenbach v. United States*, 326 U.S. 607, 611 (1946)(distinguishing aiding and abetting from accessory after the fact, and noting that while the criminal code "made aiders and abettors of an offense principals, Congress has not made accessories after the fact principals. Their offense is distinct and is differently punished."); *see also United States v. Jackson*, 448 F.2d 963 (9th Cir. 1971), *cert. denied sub nom. Willis v. United States*, 405 U.S. 924 (1972); *United States v. Varelli*, 407 F.2d 735 (7th Cir. 1969), *cert. denied sub nom. Saletko v. United States*, 405 U.S. 1040 (1972); *United States v. Nava-Maldonado, supra*.

Our review of section 241(a)(2)(B)(i) cases also indicates that if the crime in question is punishable equally as the underlying substantive crime, then it is more likely to be a deportable offense. The penalty invoked for accessory after the fact does not mirror that of the principal drug-trafficker, and as such is more akin to the penalty for misprision. While an aider and abettor of drug trafficking is punishable as a principal drug-trafficker, a conviction for misprision mandates only a 3-year prison sentence, regardless of the underlying offense. Similarly, the penalty for accessory after the fact is only "one-half the maximum term of imprisonment or fine prescribed for the punishment of the principal." 18 U.S.C. § 3. This variance between the penalties for an

accessory after the fact and the principal further distances the respondent's crime from that of Mr. Franco's drug-trafficking crime.[4]

Lastly, as noted above, we find significant the fact that the respondent's accessory after the fact conviction is not an inchoate crime. In *Matter of Beltran, supra,* we found that the crime of solicitation and the underlying drug-trafficking offense are so interrelated that the solicitation "'takes its character and its quality from the nature of the law toward whose violation it is . . . directed.'" *Id.* at 526 (quoting *Matter of Bronsztejn, supra*, at 282 (attempt)); *see also Matter of Del Risco, supra* (facilitation). Conversely, inasmuch as the crime of accessory after the fact, by its nature, takes place after the completion of the principal crime, it therefore does not require any planning and involvement in the principal drug-trafficking crime. As the Court pointed out in *United States v. Barlow, supra*, the crime of accessory after the fact differs from aiding and abetting, as well as various inchoate crimes, because the accessory does not aid in the commission of the offense. In contrast to the various inchoate crimes discussed above, the nature of being an accessory after the fact lies essentially in obstructing justice and preventing the arrest of the offender. *Id.* The accessory after the fact offense is therefore more akin to the crime of misprision, which also requires, as an integral element, that the defendant, with full knowledge of the felony, take an affirmative step to conceal the crime. *See generally United States v. Warters,* 885 F.2d 1266 (5th Cir. 1989).

In sum, we find that the respondent's accessory after the fact offense insufficiently relates to Mr. Franco's underlying drug-trafficking crime to establish the respondent's deportability pursuant to section 241(a)(2)(B)(i) of the Act. In so finding, we have considered that the crime of accessory after the fact has historically been treated as a crime separate and apart from the underlying crime. Moreover, we have found significant the differences in severity between the penalties levied against the accessory after the fact and the principal offender. Lastly, we have considered the fact that the respondent's accessory after the fact offense is not an inchoate crime and does not take its "character and quality" from the underlying drug crime.

---

[4] In *Matter of Beltran, supra*, we found the crime of solicitation to be one relating to a controlled substance violation even though solicitation does not share the same penalties as the principal drug-trafficking offense. In our analysis, however, we deemed it significant that, "but for the failure of the person solicited to commit the incited crime, a solicitor would share guilt equally with the solicited perpetrator under the laws dealing with complicity." *Id.* at 527 (citing Model Penal Code § 5.02 commentary at 366). No such relationship exists between the respondent's accessory after the fact crime and the principal's actions, since the respondent's offense is not an inchoate crime. In *United States v. Nava-Maldonado, supra*, the court noted that "(t)he assistance given by the accessory after the fact is not in connection with the commission of the crime by the offender." *Id.* at 1438.

## IV.  SECTION 241(a)(2)(A)(iii) OF THE ACT

The Immigration Judge also found that the respondent's accessory after the fact offense is an aggravated felony that renders him deportable under section 241(a)(2)(A)(iii) of the Act. The Immigration Judge found that the respondent's crime "directly related" to the distribution of narcotics and, thus, his conviction was for "illicit trafficking in a controlled substance" under section 101(a)(43)(B) of the Act, 8 U.S.C. § 1101(a)(43)(B) (1994). Under present law, we agree with the Immigration Judge's ultimate finding that the respondent is deportable under section 241(a)(2)(A)(iii) of the Act.

The definition of an aggravated felony is set forth at section 101(a)(43) of the Act. This section of law has been subject to many amendments since the term "aggravated felony" was introduced into the Act in 1988. It was most recently amended by section 321 of the Illegal Immigration Reform and Immigrant Responsibility Act of 1996, Division C of Pub. L. No. 104-208, 110 Stat. 3009-546, 3009-627 ("IIRIRA"). Section 321(b), which expands the scope of the "aggravated felony" definition, provides that "[n]otwithstanding any other provision of law (including any effective date), the term applies regardless of whether the conviction was entered before, on, or after the date of enactment of this paragraph." Moreover, section 321(c) of the IIRIRA provides that "[t]he amendments made by this section shall apply to actions taken on or after the date of the e.actment of this Act, regardless of when the conviction occurred." Inasmuch as this Board's consideration of the Immigration Judge's certification of the case constitutes an "action," the respondent is subject to this current definition. *Valderrama-Fonseca v. INS*, 116 F.3d 853 (9th Cir. 1997).

The "aggravated felony" definition now includes "an offense relating to obstruction of justice, perjury or subornation of perjury, or bribery of a witness, for which the term of imprisonment is at least one year." *See* section 101(a)(43)(S) of the Act, 8 U.S.C.A. § 1101(a)(43)(S) (West Supp. 1997); section 321(a)(11) of the IIRIRA (to be codified at 8 U.S.C. § 1101(a)(43)(S)). Thus, Congress incorporated within the aggravated felony definition an offense which encompasses the respondent's accessory after the fact crime because the respondent's conviction pursuant to 18 U.S.C. § 3 clearly relates to obstruction of justice. In so finding, we note that the wording of 18 U.S.C. § 3 itself indicates its relation to obstruction of justice, for the statute criminalizes actions knowingly taken to "hinder or prevent [another's] apprehension, trial or punishment." 18 U.S.C. § 3. Moreover, as the D.C. Circuit stated in *United States v. Barlow, supra*, the nature of being an accessory after the fact lies essentially in obstructing justice and preventing the arrest of the offender. This case law lends further support to our conclusion that the respondent's crime meets the definition of an obstruction of justice offense.[5]

---

[5] We note three matters regarding Board Member Rosenberg's separate opinion. First, the respondent was charged in the Order to Show Cause with deportability under section

Thus, the remaining issue concerns the imposition of the respondent's sentence for purposes of his deportability under section 241(a)(2)(A)(iii) of the Act. The record of conviction indicates that the respondent was sentenced to 33 months' imprisonment commencing on April 5, 1993. Under the new IIRIRA definition of a "term of imprisonment," found at section 101(a)(48)(B) of the Act,

> [a]ny reference to a term of imprisonment or a sentence with respect to an offense is deemed to include the period of incarceration or confinement ordered by a court of law regardless of any suspension of the imposition or execution of that imprisonment or sentence in whole or in part. IIRIRA § 322(a)(1), 110 Stat. at 3009-628.[6] In accordance with section 101(a)(48) of the Act, no further investigation of the respondent's actual incarceration is required to determine his deportability as an aggravated felon. His sentence of 33 months, regardless of any subsequent suspension of its imposition, meets the definition of a "term of imprisonment" of more than one year, as required under section 101(a)(43)(S) of the Act.

## V. CONCLUSION

In conclusion, we find that the respondent's conviction pursuant to 18 U.S.C. § 3 does not relate to a controlled substance violation for purposes of establishing deportability under section 241(a)(2)(B)(i) of the Act. However, we do find that it comes within the statutory definition of an aggravated felony. Accordingly, the decision of the Immigration Judge will be reversed in part and affirmed in part.

**ORDER:** The decision of the Immigration Judge finding the respondent deportable under section 241(a)(2)(B)(i) of the Act is reversed.

**FURTHER ORDER:** The decision of the Immigration Judge finding the respondent deportable under section 241(a)(2)(B)(iii) of the Act is affirmed.

---

241(a)(2)(A)(iii) of the Act in that, after entry, he "had been convicted of an aggravated felony as defined in section 101(a)(43) of the Act." This charge, which was based on the respondent's April 5, 1993, accessory after the fact conviction, was not tied to a specified subsection of section 101(a)(43) of the Act; rather, it was founded on the conviction itself. Second, this case is before the Board on certification by the Immigration Judge. It is not before us on appeal by either party. In fact, the respondent has not challenged the Immigration Judge's finding that he is deportable as an alien convicted of an aggravated felony after entry. Finally, we were obliged to consider the nature of the respondent's conviction by the very issue before us on certification. In so doing, we found that the "gist of being an accessory after the fact lies essentially in obstructing justice by rendering assistance to hinder or prevent the arrest of the offender after he has committed the crime." *United States v. Barlow, supra*, at 1252-53. In our consideration of the issue before us, we have concluded that an accessory after the fact conviction under 18 U.S.C. § 3 inherently relates to obstruction of justice given the conduct criminalized under that section of law.

[6] The enactment of section 101(a)(48)(B) of the Act overrules our previous holding, set forth in *Matter of Esposito*, 21 I&N Dec. 1 (BIA 1995), wherein we had held that a sentence, for excludability purposes under section 212(a)(10) of the Act, is not "actually imposed" if the sentencing court suspends the imposition of an alien's sentence. *See also Matter of Castro*, 19 I&N Dec. 692 (BIA 1988) (holding that when a court suspends the imposition of a sentence, there is no "sentence actually imposed" for purposes of section 212(a)(9) of the Act.)

*CONCURRING AND DISSENTING OPINION*: Patricia A. Cole, Board Member

I respectfully dissent.

While I agree with the majority that the respondent's accessory after the fact conviction constitutes an aggravated felony pursuant to section 101(a)(43) of the Act, 8 U.S.C.A. § 1101(a)(43) (West Supp. 1997), thus establishing his deportability, I further believe that the respondent is also deportable, pursuant to the plain meaning of section 241(a)(2)(B)(i) of the Act, 8 U.S.C. § 1251(a)(2)(B)(i) (1994), for the violation of a law relating to a controlled substance. I would therefore affirm the decision of the Immigration Judge and find the respondent deportable as charged.

I do not find that the respondent's crime is a separate and distinct crime "more akin to a misprision conviction," but rather the respondent's accessory after the fact conviction is more analogous to an inchoate offense because the character and quality of his crime is so interrelated to the underlying drug-trafficking offense. The majority has erred in its evaluation of the independent nature of the respondent's crime. This accessory after the fact conviction is clearly related to the overall drug-trafficking endeavor. It is so interrelated to the drug-trafficking crime that it even takes its penalty from the law or penalty for the relevant principal offender. The penalty for accessory after the fact is "one-half the maximum term of imprisonment or fine prescribed for the punishment of the principle." In this case the respondent aided a drug trafficker and was sentenced to 33 months' imprisonment, one-half the maximum sentence prescribed for the drug-trafficking offense.

A violation resulting in an accessory after the fact conviction, by its very nature, must relate to the underlying crime involved. In the respondent's case, the underlying crime consisted of drug trafficking. Without the semantics of the majority's analysis, the respondent's crime clearly relates to drug trafficking, and this result conforms with the actual language of the current section 241(a)(2)(B)(i). I also believe that this result honors Congress' intent in expanding the reach of section 241(a)(2)(B)(i) of the Act.

The majority cites various cases in support of its analysis to find that the respondent's accessory after the fact conviction does not qualify as a controlled substance violation. However, the majority fails to consider that such cases address a prior, more limited interpretation of the controlled substance deportability charge. For example, in prior case law, this Board, as well as various circuit courts, analyzed former section 241(a)(11) of the Act to find that misprision, a crime which the majority compares with the respondent's conviction, does not sufficiently relate to a controlled substance violation for purposes of the prior language of section 241(a)(2)(B)(i) of the Act. *See, e.g., Matter of Velasco*, 16 I&N Dec. 281 (BIA 1977). However, since that time Congress has expanded the statutes's reach over controlled substance violators.

Following the passage of section 1751 of the Anti-Drug Abuse Act of 1986, Pub. L. No. 99-570, 100 Stat. 3207, 3247-48, Congress expanded the drug-related criminal activities that are deportable drug offenses. As we noted in *Matter of Beltran*, 20 I&N Dec. 521 (BIA 1992), it is well recognized that Congress has historically exhibited a strong national policy to deport aliens convicted of drug offenses from our country, and the passage of such amendments even more clearly manifests its intention to limit the ability of drug offenders to remain in the United States. So, subsequent to Congress' 1986 amendment, the controlled substance deportability charge encompassed not only violations relating to possession or trafficking, but was expanded to include violations of "any law . . . relating to a controlled substance." In *Flores-Arellano v. INS*, 5 F.3d 360 (9th Cir. 1993), the United States Court of Appeals for the Ninth Circuit acknowledged the plain, unambiguous language of this phrase, "any law . . . relating to a controlled substance," and I would argue that the majority's decision fails to recognize the expanded coverage of section 241(a)(2)(B)(i) of the Act with subsequent congressional amendments to limit the ability of drug offenders to remain in the United States. In fact, it would be consistent with Congress' intent to find that the respondent in *Matter of Velasco, supra*, convicted of misprision of a felony, to wit, possession of marihuana with intent to distribute, would be deportable today as a controlled substance violator. I would agree with the Immigration Judge that any criminal activity that facilitates the possession, use, or trafficking of illegal drugs should constitute a deportable offense under section 241(a)(2)(B)(i) of the Act.

The majority would also mandate a link between the respondent's specific conviction and a specific controlled substance law. However, section 241(a)(2)(B)(i) of the Act may also be read to link the respondent's "violation," rather than his "conviction," with its relation to controlled substances, and therefore the respondent's violation of 18 U.S.C. § 3 (Supp. V 1993) clearly relates to the underlying drug-trafficking conviction. For a defendant to violate 18 U.S.C. § 3, the statute criminalizing accessory after the fact, an underlying crime must exist to which the defendant's criminal behavior relates. The respondent's specific violation of 18 U.S.C. § 3 involved "commit(ing), receiv(ing), reliev(ing), comfort(ing) or assist(ing)" Mr. Franco in his drug-trafficking endeavors and clearly relates to the underlying drug-trafficking conviction. In fact, the respondent's conviction for a violation of 18 U.S.C. § 3 relates to nothing if not a drug-trafficking crime. The respondent's crime is not only "directly related" to the distribution of a narcotic, it is also "illicit trafficking in a controlled substance" under section 101(a)(43)(B) of the Act, rendering the respondent also deportable as an aggravated felon under section 241(a)(2)(A)(iii) of the Act.

I would find, consistent with the plain meaning of section 241(a)(2)(B)(i) of the Act, and with Congress' intent, that the respondent's conviction, pursuant to 18 U.S.C. § 3, establishes his deportability for a controlled substance

violation and that his offense constitutes an aggravated felony pursuant to section 101(a)(43) of the Act.

*CONCURRING AND DISSENTING OPINION:* Lory D. Rosenberg, Board Member, in which Paul W. Schmidt, Chairman, joined.

The respondent was convicted of the offense of accessory after the fact under 18 U.S.C. § 3 (Supp. V 1993). In the Order to Show Cause and Notice of Hearing (Form I-221) ("OSC"), the Immigration and Naturalization Service alleged that the indictment under which the respondent was convicted indicated that the respondent knew an offense against the Government had been committed, to wit: a conspiracy to possess with intent to distribute heroin. The OSC goes on to state that "on the basis of the foregoing allegations," it is charged that the respondent is subject to deportation under sections 241(a)(2)(A)(iii) and (B)(i) of the Immigration and Nationality Act, 8 U.S.C. §§ 1251(a)(2)(A)(iii) and (B)(i) (1994).

In proceedings before the Immigration Judge below, the respondent denied that he was deportable for having been so convicted, either under section 241(a)(2)(B)(i) or under section 241(a)(2)(A)(iii) of the Act. The Immigration Judge found him to be deportable on these charges and certified the record to the Board for review.

I agree with the majority that the respondent is not deportable under section 241(a)(2)(B)(i). I concur in the decision of the majority with respect to the distinctions between inchoate offenses and those which, like the offense of accessory after the fact under section 18 U.S.C. § 3, are distinct offenses requiring evidence of an independent intent or conduct on the part of the offender to obtain a conviction. In other words, the respondent was convicted under a statute in which the offense he committed does not rely on and is separate from the "the fact," i.e., the particular character of the substantive offense that was committed by the principal whom he received, relieved, comforted, or assisted. *Id.* His conviction is not, therefore, one "relating to a controlled substance." *See* section 241(a)(2)(B)(i) of the Act.

I disagree, however, that the respondent is deportable under section 241(a)(2)(A)(iii), as charged. I must dissent from the majority's holding that the respondent is deportable on account of having been convicted of an offense "relating to obstruction of justice," which is an aggravated felony under section 241(a)(2)(A)(iii) of the Act. *See* section 101(a)(43)(S) of the Act, 8 U.S.C.A. § 1101(a)(43)(S) (West Supp. 1997). Such a finding of deportability is dependent upon three predicate factors, none of which is present here.

(1) The Service must have properly alleged and charged that the respondent is deportable on account of a particular conviction which is classifiable under the statute as an aggravated felony. Sections 242(b), 242B of the Act, 8 U.S.C. § § 1252(b), 1252b (1994), as amended; *see also* sections 239(a)(1), 240(a)(2) of the Act, 8 U.S.C.A. §§ 1229(a)(1), 1229a(a)(2) (West Supp.

1997), (effective in proceedings initiated after April 1, 1997, pursuant to section 309(a)(c) of the Illegal Immigration Reform and Immigrant Responsibility Act of 1996, Division C of Pub. L. No. 104-208, 110 Stat. 3009-546, 3009-625 ("IIRIRA")).

(2) The respondent must have been notified of the allegations and charges, and given the opportunity to respond to and defend against them. Section 242(b) of the Act; *see also* sections 239(a)(1), 240(a)(2), (b)(4)(B) of the Act, 8 U.S.C.A. §§ 1229(a)(1), 1229a(a)(2), (b)(4)(B) (West Supp. 1997) (effective April 1, 1997).

(3) The evidence in the record must establish that the Service met its burden of proving such allegations and charges by evidence which is clear, unequivocal, and convincing. *Woodby v. INS*, 385 U.S. 276 (1966); 8 C.F.R § 242.14(a) (1997); *cf.* section 240(c)(3)(A) of the Act, 8 U.S.C.A. § 1229(c)(3)(A) (West Supp. 1997) (requiring "clear and convincing" evidence under the IIRIRA, effective April 1, 1997).

Although the preceding elements may appear to be self-evident and non-controversial factors, fundamental to the statute and regulations which govern findings of deportability and orders of deportation, I do not believe that the majority can reach the decision it does without abrogating them. The majority rules that the respondent's conviction under 18 U.S.C. § 3 does not support a finding of deportability as charged under section 241(a)(2)(B)(i). It concludes, however, that the same conviction does support such a finding under the statutory definition listing those convictions which constitute aggravated felonies.

The majority reaches this result not because the conviction is, as alleged, a controlled substance trafficking conviction which necessarily involves knowledge of the principals' involvement in a heroin conspiracy. *See* section 101(a)(43)(B) of the Act. That cannot be the case, since we have found conclusively that the respondent's accessory after the fact offense does not "relate to" a controlled substance. Consequently, it certainly cannot be classified as a controlled substance offense in its own right. The majority reaches the result it does because, as an alternative basis to constitute an aggravated felony, it concludes that the underlying conviction is one "relating to obstruction of justice." *See* section 101(a)(43)(S) of the Act.

## I. A FINDING OF DEPORTABILITY ON A GROUND NOT ALLEGED AND CHARGED VIOLATES THE RESPONDENT'S RIGHT TO NOTICE AND AN OPPORTUNITY TO BE HEARD

The Service did not either allege or charge that the respondent's conviction constituted an aggravated felony on this basis of being one "relating to obstruction of justice" either prior to or during the course of the hearing that concluded with the decision of the Immigration Judge on April 19, 1995. Indeed, it could not have done so, since a conviction relating to obstruction of

justice did not exist in the statute either independently or as constituting an aggravated felony at the time either that the allegations were made and the charges initially were lodged, or at any time during the deportation hearing before the Immigration Judge. The respondent was never notified of such allegations or charges during the course of the hearing, nor was he afforded an opportunity to respond to or defend against such an allegation and charge.

An alien in deportation proceedings is to be afforded due process under the Constitution. *See Mathews v. Diaz*, 426 U.S. 67, 77 (1976); *Wong Yang Sung v. McGraff*, 339 U.S. 33, *modified on other grounds*, 339 U.S. 908 (1950); *Bridges v. Wixon,* 326 U.S. 135, 154 (1945)(stating that deportation "visits a great hardship on the individual and deprives him of the right to stay and live and work in this land of freedom . . . . Meticulous care must be exercised lest the procedure by which he is deprived of that liberty not meet the essential standards of fairness."). In determining the constitutional sufficiency of deportation procedures in relation to due process protections, we must look to the risk of the erroneous deprivation of the alien's interest through the procedures used and the probable value of additional procedural safeguards. *See Matthews v. Eldridge*, 424 U.S. 319 (1976).

Compliance with due process in immigration proceedings has been accomplished historically through the observance of the statutory and regulatory safeguards which govern the procedural aspects of the deportation hearing. In particular, the Service must initiate proceedings by issuing an Order to Show Cause, which is required to contain a statement of the nature of the proceeding, the legal authority under which the proceeding is conducted, a concise statement of factual allegations informing the respondent of the act or conduct alleged to be in violation of the law, and a designation of the charge against the respondent and of the statutory provisions alleged to have been violated. *See* section 242(b) of the Act; 8 C.F.R. § 242.1(b) (1997); *see also* sections 239(a)(1), 240(a)(2) of the Act (applicable to proceedings initiated after April 1, 1997).

The regulations provide that the factual allegations and the charges in the OSC are to be explained to the respondent in "nontechnical language." 8 C.F.R. § 242.16(a)(1997); *see also* 62 Fed. Reg. 10,312, 10,375 (1997) (to be codified at 8 C.F.R. § 240.48(a). The respondent is to be afforded an opportunity to examine and contest both the factual allegations and the charges lodged against him by the Service. In this case, the respondent denied the charges, leaving the Service with the burden of proving that the respondent was deportable as charged. *See* 8 C.F.R. §§ 242.14(a), 242.16(c) (1997); *see also* 62 Fed. Reg. 10,312, 10,375 (1997) (to be codified at 8 C.F.R. §§ 240.46(a), 240.48(c)).

The opportunity to lodge additional charges in a deportation hearing is a right reserved by the Service. *See* 8 C.F.R. §§ 3.30, 242.16(d) (1997). The Service may amend the OSC to add additional factual allegations and charges at any time during the hearing. Such allegations and charges must be in

writing and entered as an exhibit in the record. *Id*. Under these circumstances, however, the respondent is to be afforded an opportunity to respond to and present evidence to rebut such new charges, including being granted a reasonable continuance to prepare his response to them. 8 C.F.R. § 3.30; *see also* 8 C.F.R. § 242.16(d) (requiring that upon the lodging of additional charges, the Immigration Judge is to explain them to the respondent, advise the respondent that he may seek representation by counsel, and advise him that he may have an additional period of time to "meet the additional factual allegations and charges").

Upon receiving these new factual allegations and charges, the respondent may be afforded a continuance in order to either secure counsel or properly respond. 8 C.F.R. § 242.16(d). In this case, the respondent was charged with having been convicted of an aggravated felony. The only allegation made and the only evidence in the record in support of that charge, however, reflects that it was lodged under section 101(a)(43)(B) of the Act.

The Service neither presented new charges during the course of the hearing nor offered the respondent written notice that his conviction for accessory after the fact was alleged to be an aggravated felony under the recently amended section 101(a)(43)(S) of the Act. Indeed the Service cannot be expected to have done so, as such a ground of deportability did not exist when the conviction occurred, when the OSC was issued, or at any time during the period in which the proceedings before the Immigration Judge were conducted and his decision was rendered.

Only recently, the United States Court of Appeals for the First Circuit held that "the INS may not substitute alternative grounds for deportation at this stage in the proceedings." *Choeum v. INS*, 118 F.3d 17 (1st Cir. 1997). In that case, the court addressed the effort of the Service to substitute charges following appeal to the federal circuit court. Here, although the case remains on administrative appeal and it is not the Service who seeks to substitute charges, the result is no different.

Although they do not expressly so state, the majority's finding that the respondent's conviction is not an aggravated felony by virtue of being a controlled substance trafficking conviction is a necessary conclusion. Having found that the respondent's conviction is not one related to a controlled substance for purposes of section 241(a)(2)(B)(i) of the Act, the majority cannot find that the respondent is deportable as an aggravated felon under section 241(a)(2)(A)(iii) for having been convicted of a controlled substance violation as described in section 101(a)(43)(B) of the Act. I agree, and find therefore, that the proceedings should be terminated.

Nevertheless, appearing to inappropriately usurp the function of the Service, the majority in this case "sub silentio" charges the respondent with an additional charge of deportability—conviction of a crime relating to obstruction of justice. *See* section 101(a)(43)(S) of the Act. We are without the statutory or regulatory authority to amend the OSC to include additional charges

of deportability. That function is reserved to the Service. Not only do neither the statute nor the regulations sanction such a practice on the part of the adjudicating body, but such action certainly conflicts head on with due process considerations. *See Choeum v. INS, supra.*

The ordinary and obvious meaning of a phrase is not to be lightly discounted. *INS v. Cardoza-Fonseca*, 480 U.S. 421, 431 (1987) (citing *Russello v. United States*, 464 U.S. 16, 21 (1983)). The statute states specifically that the respondent "*shall* be given notice, reasonable under all the circumstances of nature of the charges." Section 242(b) of the Act; *see also* section 239(a)(1)(A) of the Act, 8 U.S.C.A. § 1229 (West Supp. 1997). Moreover, the respondent "shall have the opportunity to examine evidence against him, to present evidence on his own behalf." *Id.* Here, the only "notice" the respondent received that he is being charged as an aggravated felon under section 101(a)(43)(S) of the Act (obstruction of justice), instead of section 101(a)(43)(B) of the Act (controlled substance trafficking), is an administratively final order of deportation.

Even were such a prosecutorial function to be appropriate when taken by the adjudicating body, which it is not, the majority cannot simply substitute new allegations and charges as a basis for its decision finding the respondent deportable. The respondent was provided no prior notice in writing, nor was he afforded any opportunity to either examine this new allegation or to respond to it in support of the aggravated felony charge. This violation of the regulations prejudiced respondent directly by resulting in a finding of deportability by the majority on allegations regarding which he had neither notice nor an opportunity to respond.

We are bound to follow regulations promulgated by the Attorney General. *Matter of Ponce de Leon*, 21 I&N Dec. 154 (BIA 1996). We also may take appropriate action when the regulations that function to secure a respondent's rights are not followed or when an improper implementation of those regulations violates fundamental fairness. *Matter of Garcia-Flores*, 17 I&N Dec. 325 (BIA 1980); *see also Matter of Santos*, 19 I&N Dec. 105 (BIA 1984). Such is the case here. A determination that the respondent is deportable on an allegation and charge never presented to him, or heard by the Immigration Judge below, cannot support the decision of the majority.

## II. THE RESPONDENT'S CONVICTION HAS NOT BEEN PROVEN TO BE AN AGGRAVATED FELONY UNDER SECTION 101(A)(43)(S) BY CLEAR, UNEQUIVOCAL, AND CONVINCING EVIDENCE

The majority's reliance on section 101(a)(43)(S) of the Act as support for its disposition in this case is erroneous, as there is no substantial evidence in the record on which to come to such a conclusion. *See* section 242(b) of the Act; *see also* IIRIRA § 321(a), 110 Stat. at 3009-627. That the respondent's

accessory after the fact conviction under 18 U.S.C. § 3 possibly could be shown to be one "relating to obstruction of justice," an aggravated felony under the Act as now amended, is not clear, unequivocal, or convincing evidence of such a fact.

The burden of demonstrating that such a conviction comes within the aggravated felony definition rests with the Service, 8 C.F.R. § 242.14(a), and it has provided absolutely no evidence indicating that the conviction in question is one "relating to obstruction of justice." The Service has alleged only that the "accessory after" offense in question relates to a controlled substance conviction, and has provided no more than an indictment referring to the respondent's knowledge of a conspiracy involving controlled substance in support of the allegation.

As noted above, even were one inclined to consider that such an "accessory after" conviction might be, per se, one "relating to obstruction of justice" within the terms of section 101(a)(43)(S) of the Act, the state of the record before us would not allow a conclusion that such is the case. This is because the respondent has had no opportunity to consider or respond to such an allegation, or to provide evidence or authority in support of a defense that it is not, necessarily, such a conviction. Although we need not determine that question to resolve the case before us, I note that the term "obstruction of justice" is a term of art used in the federal statute to refer to a series of specific offenses. *See* 18 U.S.C. §§ 1501-1517 (1994).[1]

We have recognized that, in determining whether or not a specific offense falls within a classification described in deportation provisions under the Act, it is proper to look to the federal definition. *See Matter of L-G-*, 21 I&N Dec. 89 (BIA 1995) (holding that our determination of which controlled substance crimes constitute a "felony" for purposes of the aggravated felony definition requires reference to the federal criminal statute); *Matter of Manrique*, 21 I&N Dec. 58 (BIA 1995)(holding that our determination of the nature of a disposition resulting from certain state offenses is properly made according to its possessing the same or similar characteristics as those found in the federal statute). This approach is consistent with that taken by the Supreme Court of the United States which holds that a generic definition based on a federal standard is an appropriate mechanism by which to determine whether or not there has been a conviction for a particular crime. *See Taylor v. United States*, 495 U.S. 575 (1990) (holding that a state conviction for burglary only constitutes such an offense for purposes of the Anti-Drug Abuse Act of 1986, 18 U.S.C. § 924(e), when the offense's statutory definition substantially corresponds to the generic federal definition).

---

[1] These provisions refer to specific interference in the administration of justice relating to perjury, bribery, interference in investigation of financial transactions, jury tampering, threatening or intimidation of witnesses, and other specific forms of impeding justice not necessarily entirely encompassing the respondent's undifferentiated offense of receiving, comforting, or assisting in order to hinder or prevent apprehension, trial, or punishment.

In addition, we have considered the language "relating to" in this very case and in prior precedent decisions in which the identical language has been used in relation to other offenses. Consequently, whether or not the respondent's conviction under 18 U.S.C. § 3 is one "relating to obstruction of justice" under section 101(a)(43)(S) of the Act, may very well turn on evidence, either on the face of the conviction, or in the record of conviction, demonstrating that the conviction is one that corresponds to a federal offense described under 18 U.S.C. § 1501, et seq., or, at the very minimum, *relates* to such an offense.

Moreover, the legislative mandate in section 321(b) of the IIRIRA that aggravated felony convictions shall be considered to be such without regard to the fact that they occurred before, on, or after the date of the IIRIRA, provides no authority to the contrary. I note that this retroactive classification is tempered by section 321(c) of the IIRIRA which provides that the retroactive definition applies to "actions taken" after the enactment date of the IIRIRA, but that this limitation has been essentially obviated in the regulations, which define the clause as meaning all pending matters. *See* 62 Fed. Reg. 10,312, 10,330 (1997) (to be codified at 8 C.F.R. § 1.1(t)); *cf. Valderrama-Fonseca v. INS*, 116 F.3d 853 (9th Cir. 1997) (holding that contrary to the Service's litigation position, "actions taken" cannot reasonably apply to federal court review since that would render an arbitrary result dependent only on when appeals might "percolate" up to the court). Nevertheless, neither the definition nor the effective date of the retroactive definition is either relevant or dispositive here, as the predicate basis for consideration of the new "relating to obstruction of justice" aggravated felony provision was neither alleged nor charged in the appeal before us.

I find no basis on the record to conclude that the respondent is deportable for an aggravated felony conviction as alleged or charged. Therefore, I would dismiss the charges and terminate the proceedings, finding that the respondent is not deportable.