# In re Cresencio Heriberto MARTINEZ-RECINOS, Respondent

### File A92 116 087 - Eloy

*Decided October 15, 2001*

U.S. Department of Justice
Executive Office for Immigration Review
Board of Immigration Appeals

A conviction for perjury in violation of section 118(a) of the California Penal Code constitutes a conviction for an aggravated felony under section 101(a)(43)(S) of the Immigration and Nationality Act, 8 U.S.C. § 1101(a)(43)(S) (Supp. V 1999).

FOR RESPONDENT: Robert F. Jacobs, Esquire, Santa Ana, California

FOR THE IMMIGRATION AND NATURALIZATION SERVICE: Martin C. Magat, Assistant District Counsel

BEFORE: Board En Banc: SCIALABBA, Acting Chairman; DUNNE, Vice Chairman; SCHMIDT, HOLMES, HURWITZ, VILLAGELIU, FILPPU, COLE, GUENDELSBERGER, MATHON, ROSENBERG, JONES, GRANT, MOSCATO, MILLER, BRENNAN, ESPENOZA, OSUNA, and OHLSON, Board Members.[1]

BRENNAN, Board Member:

In a decision dated May 17, 2000, an Immigration Judge found the respondent removable under section 237(a)(2)(A)(iii) of the Immigration and Nationality Act, 8 U.S.C. § 1227(a)(2)(A)(iii) (Supp. V 1999), as an alien convicted of an aggravated felony under section 101(a)(43)(S) of the Act, 8 U.S.C. § 1101(a)(43)(S) (Supp. V 1999). The Immigration Judge concluded that the respondent is ineligible for any relief from removal as a result of his aggravated felony conviction. The respondent has appealed from that decision. The appeal will be dismissed.

## I. FACTUAL BACKGROUND

The respondent is a native and citizen of El Salvador who adjusted his status to that of a lawful permanent resident on February 6, 1990. On December 17, 1998, he was convicted, in the Superior Court of California for Orange County,

---

[1] Board Members Frederick D. Hess and Roger Pauley did not participate in the decision in this case.

of perjury in violation of section 118(a) of the California Penal Code.[2]  The respondent was sentenced to 2 years' incarceration for this crime.  As a result, the Immigration and Naturalization Service issued a Notice to Appear (Form I-862), charging that the respondent is removable from the United States as an alien convicted of an aggravated felony under section 101(a)(43)(S) of the Act.

## II.  ISSUES ON APPEAL

The respondent argues on appeal that proceedings should be terminated because his perjury offense is not an aggravated felony within the meaning of section 101(a)(43)(S) of the Act.  He also asserts that he is entitled to consideration of his application for a waiver of inadmissibility under section 212(h) of the Act, 8 U.S.C. § 1182(h) (1994 & Supp. V 1999), which was filed in conjunction with an application for adjustment of status under section 245 of the Act, 8 U.S.C. § 1255 (1994 & Supp. V 1999).

## III.  REMOVABILITY

Section 101(a)(43)(S) of the Act provides that the term "aggravated felony" includes "an offense relating to obstruction of justice, perjury or subornation of perjury, or bribery of a witness, for which the term of imprisonment is at least one year."  Section 118(a) of the California Penal Code defines the crime of perjury as follows:

> Every person who, having taken an oath that he or she will testify, declare, depose, or certify truly before any competent tribunal, officer, or person, in any of the cases in which the oath may by law of the State of California be administered, willfully and contrary to the oath, states as true any material matter which he or she knows to be false, and every person who testifies, declares, deposes, or certifies under penalty of perjury in any of the cases in which the testimony, declarations, depositions, or certification is permitted by law of the State of California under penalty of perjury and willfully states as true any material matter which he or she knows to be false, is guilty of perjury.
>
> This subdivision is applicable whether the statement, or the testimony, declaration, deposition, or certification is made or subscribed within or without the State of California.

Cal. Penal Code § 118(a) (West 1998).

In *Matter of Espinoza*, Interim Decision 3402 (BIA 1999), we considered whether misprision of a felony was an aggravated felony within the meaning of section 101(a)(43)(S) of the Act.  In that case, we discussed how the term "an offense relating to obstruction of justice" was to be treated for immigration purposes. We concluded that misprision of a felony was not an offense relating

---

[2]  We note that the respondent indicated in his brief that he was convicted of violating section 118a of the California Penal Code, which refers to statements taken in anticipation of testimony at a court hearing.  However, the indictment, which is included in the record, reflects that the respondent was actually convicted under section 118(a).

to obstruction of justice because it lacked the essential elements that were included in the federal obstruction of justice crimes enumerated in 18 U.S.C. §§ 1501-1518 (1994 & Supp. II 1996). As we did in *Matter of Espinoza*, *supra*, we must examine the California statute under which the respondent was convicted and the federal statute defining perjury to determine whether the state law shares common material elements with the federal law. *See also Matter of Perez*, Interim Decision 3432 (BIA 2000) (referring to federal law in determining whether a state offense is an aggravated felony); *Matter of Rodriguez-Rodriguez*, Interim Decision 3411 (BIA 1999) (same).

The federal statute that defines the crime of perjury at 18 U.S.C. § 1621 (1994) provides as follows:

> Whoever—
>
> (1) having taken an oath before a competent tribunal, officer, or person, in any case in which a law of the United States authorizes an oath to be administered, that he will testify, declare, depose, or certify truly, or that any written testimony, declaration, deposition, or certificate by him subscribed, is true, willfully and contrary to such oath states or subscribes any material matter which he does not believe to be true; or
>
> (2) in any declaration, certificate, verification, or statement under penalty of perjury as permitted under section 1746 of title 28, United States Code, willfully subscribes as true any material matter which he does not believe to be true;
>
> is guilty of perjury and shall, except as otherwise expressly provided by law, be fined under this title or imprisoned not more than five years, or both. This section is applicable whether the statement or subscription is made within or without the United States.

Comparing section 118(a) of the California Penal Code to 18 U.S.C. § 1621, we find that the provisions of each statute are essentially the same. Consequently, we conclude that the respondent's violation of the California statute was a crime of perjury.

In reaching our decision, we have considered the respondent's contention that he was convicted under a statute that is divisible and that we must therefore examine the record of conviction to determine whether he was convicted of an aggravated felony. *See Matter of Sweetser*, Interim Decision 3390 (BIA 1999); *Matter of Short*, 20 I&N Dec. 136 (BIA 1989). Although we agree with the respondent that the statute contains several parts, we find that each of the offenses enumerated in section 118(a) of the California Penal Code constitutes perjury as defined in 18 U.S.C. § 1621 and, thus, is an aggravated felony. Because all of the parts of the California statute encompass the aggravated felony crime of perjury as defined by the federal statute, we need not look further to the record of conviction.

We conclude that the Immigration Judge properly found the respondent removable as an alien convicted of an aggravated felony within the meaning of

section 101(a)(43)(S) of the Act. The Immigration Judge's decision will therefore be affirmed.[3]

## IV.  DISCRETIONARY RELIEF

The respondent has applied for adjustment of status under section 245 of the Act.  In order to be eligible for that relief he must establish that he is admissible to the United States.  We concur with the Immigration Judge that the respondent's aggravated felony offense is also a crime involving moral turpitude, which renders him inadmissible unless he receives a waiver under section 212(h).

In *Matter of Yeung*, 21 I&N Dec. 610 (BIA 1996), we held that under section 212(h) of the Act, an alien who has been admitted to the United States as a lawful permanent resident and who has been convicted of an aggravated felony since the date of such admission is ineligible for a section 212(h) waiver. *See* Illegal Immigration Reform and Immigrant Responsibility Act of 1996, Division C of Pub. L. No. 104-208, 110 Stat. 3009-546, 3009-639; *cf. United States v. Arrieta*, 224 F.3d 1076 (9th Cir. 2000); *Matter of Michel*, 21 I&N Dec. 1101 (BIA 1998) (finding that an alien who has not previously been admitted to the United States as an alien lawfully admitted for permanent residence is statutorily eligible for a waiver of inadmissibility under section 212(h) of the Act). Because the respondent was previously admitted to the United States as a lawful permanent resident and has been convicted of an aggravated felony, he is ineligible for a waiver of inadmissibility under section 212(h) of the Act. *See Matter of Yeung*, *supra.*  Consequently, he is ineligible for adjustment of status.

## V.  CONCLUSION

We find that the respondent is removable as an alien convicted of an aggravated felony within the meaning of section 101(a)(43)(S) of the Act. We conclude further that he is ineligible for a waiver under section 212(h) as a result of his aggravated felony conviction and that he is therefore also ineligible for adjustment of status.  Accordingly, the appeal will be dismissed.

**ORDER:** The appeal is dismissed.

---

[3]  Although we conclude that the Immigration Judge reached the correct result on the issues before him, we disagree with his overly broad approach in construing the phrase "relating to" in section 101(a)(43)(S) of the Act.