Opinion by Judge B. FLETCHER; Dissent by Judge BYBEE.
OPINION
B. FLETCHER, Circuit Judge:
Petitioner, Trung Thanh Hoang, seeks review of the Board of Immigration Appeals’s (BIA’s) decision affirming an Immigration Judge’s (IJ’s) order of removal. This case requires us to determine whether petitioner’s state misdemeanor conviction for rendering criminal assistance is a crime related to obstruction of justice and thus constitutes an aggravated felony under Immigration and Nationality Act *1159 (INA) § 101(a)(43)(S), 8 U.S.C. § 1101(a)(43)(S). We have jurisdiction to determine as a matter of law whether petitioner has been convicted of an aggravated felony. See 8 U.S.C. § 1252(a)(2)(D); Mandujano-Real v. Mukasey, 526 F.3d 585, 588 (9th Cir.2008). Because the BIA conducted an independent review, we review the BIA’s decision rather than the IJ’s. Vasquez v. Holder, 602 F.3d 1003, 1009 (9th Cir.2010). We grant the petition.
I.
Hoang is a native and citizen of Vietnam who was admitted to the United States as a refugee in 1994. He became a lawful permanent resident in 1997. In 2000, Hoang pleaded guilty to rendering criminal assistance in the second degree, a misdemeanor in violation of Washington Revised Code § 9A.76.080.[1] Hoang’s plea agreement admits that he “[d]id unlawfully render criminal assistance to a person who has committed a class B Felony (Drive by shooting) by providing such person transportation.” Hoang was sentenced to one year imprisonment and discharged in October 2002. •
In 2006, Hoang’s application to become a naturalized U.S. citizen was denied on account of his 2000 conviction. On October 9, 2007, the INS charged Hoang with being removable as an aggravated felon who had committed a crime of obstruction of justice (as defined by 8 U.S.C. § 1101(a)(43)(S)). After a hearing, the IJ issued a written decision sustaining the charge and ordered Hoang removed to Vietnam. Hoang timely appealed.
On August 31, 2009, in an unpublished, one-member order, the BIA upheld the IJ’s decision. The BIA reasoned that because (1) the elements of Washington Revised Code § 9A.76.080 are the same as the elements of the federal accessory after the fact statute; and (2) In Re Batista-Hernandez, 21 I. & N. Dec. 955 (1997) (en banc), held that federal accessory after the fact is a crime related to obstruction of justice; then (3) rendering criminal assistance in violation of § 9A.76.080 is a crime related to obstruction of justice. The BIA rejected Hoang’s claim that his crime was not a categorical match for the definition of the generic obstruction of justice crime provided in In Re Espinoza-Gonzalez, 22 I. & N. Dec. 889 (1999) (en banc). The BIA stated that in Espinoza-Gonzalez, the BIA “reaffirmed rather than overruled” Batistar-Hemandez. This petition followed.
II.
The INA defines the term “aggravated felony” to include, as relevant here, “an offense related to obstruction of justice” for which the term of imprisonment is at least one year.[2] INA § 101(a)(43)(S), 8 U.S.C. § 1101(a)(43)(S). To determine whether rendering criminal assistance constitutes obstruction of justice within the meaning of § 1101(a)(43)(S), we first apply the categorical approach set forth in Taylor v. United States, 495 U.S. 575, 110 S.Ct. 2143, 109 L.Ed.2d 607 (1990).
Under the categorical approach, we compare “the elements of the statute of conviction with the federal definition of the crime to determine whether conduct pro *1160 scribed by the [state] statute is broader than the generic federal definition.” Frgozo v. Holder, 576 F.3d 1030, 1035 (9th Cir.2009) (alteration and citation omitted). To determine the elements of a federal generic crime, we must first consider whether Congress provided any specific guidance. Estrada-Espinoza v. Mukasey, 546 F.3d 1147, 1152 (9th Cir.2008). Though the United States criminal code includes a chapter entitled “Obstruction of Justice,” 18 U.S.C. §§ 1501-1521, it does not clearly set forth the elements of a generic federal obstruction of justice crime;[3] nor does § 1101(a)(43)(S) provide a generic definition. Renteria-Morales v. Mukasey, 551 F.3d 1076, 1086 (9th Cir.2008). Consequently, we must determine whether the agency charged with implementing the INA has defined the term. Id. We defer to the BIA’s reasonable interpretations of ambiguous terms in the INA. See id. (citing Chevron, U.S.A. Inc., v. Natural Res. Def. Council, Inc., 467 U.S. 837, 843, 104 S.Ct. 2778, 81 L.Ed.2d 694 (1984)).
A.
In Espinoza-Gonzalez, 22 I. & N. Dec. 889, the BIA defined the term obstruction of justice for the purposes of the INA. The issue in Espinoza-Gonzalez was whether the alien’s conviction for misprision of a felony, in violation of 18 U.S.C. § 4,[4] was a crime related to obstruction of justice. 22 I. & N. Dec. at 889-90. The BIA looked to the chapter of the federal criminal code entitled “Obstruction of Justice” to guide its interpretation of the term.[5] Id. at 891-94. It concluded that “[i]n general, the obstruction of justice offenses listed in 18 U.S.C. §§ 1501-1518 have as an element interference with the proceedings of a tribunal or require an intent to harm or retaliate against others who cooperate in the process of justice or might otherwise so cooperate.” Id. at 891. The BIA emphasized that:
Congress did not adopt a generic descriptive phrase such as “obstructing justice” or “obstruct justice,” but chose instead a term of art utilized in the United States Code to designate a specific list of crimes. It employed that term in conjunction with other crimes (e.g., perjury and bribery) that also are clearly associated with the affirmative obstruction of a proceeding or investigation. We do not believe that eve'ry offense that, by its nature, would tend to *1161 “obstruct justice” is an offense that should be properly classified as “obstruction of justice. ”
Id. at 893-94 (emphasis added). The BIA noted that the Supreme Court has interpreted the term “obstruction of justice” narrowly. Id. at 892-93 (citing United States v. Aguilar, 515 U.S. 593, 598-99, 115 S.Ct. 2357, 132 L.Ed.2d 520 (1995) (holding that making false statements to an FBI agent was not obstruction of justice absent evidence that the declarant knew the statements would be provided to a grant jury)). Misprision of a felony, the BIA concluded, was not categorically obstruction of justice because it “lacks the critical element of an affirmative and intentional attempt, motivated by specific intent, to interfere with the process of justice.” Id. at 894.
We have twice afforded Chevron deference to Espinoza-Gonzalez. In Renteria-Morales v. Mukasey, 551 F.3d 1076, 1086 (9th Cir.2008), we held that EspinozarGonzalez “articulated both an actus reus and mens rea element of the generic definition of [obstruction of justice] crimes for purposes of § 1101(a)(43)(S).” We described the actus reus as “either active interference with proceedings of a tribunal or investigation, or action or threat of action against those who would cooperate with the process of justice;” and the mens rea as “specific intent to interfere with the process of justice.” Id. at 1086 (quoting Espinoza-Gonzalez, 22 I. & N. Dec. at 892-93).[6] We concluded that EspinozarGonzalez represented a reasonable construction of § 1101(a)(43)(S) because it “deriv[ed] the definition of ‘obstruction of justice’ for purposes of § 1101(a)(43)(S) from the body of federal statutes imposing criminal penalties on obstruction-of-justice offenses.” Id.; see also Salazar-Luviano v. Mukasey, 551 F.3d 857, 861-62 (9th Cir.2008) (deferring to Espinozar-Gonzalez and analyzing whether petitioner’s offense was related to any of the provisions in the federal criminal code chapter entitled “Obstruction of Justice”). In light of our precedent, we look to Espinoza-Gonzalez to supply the definition of the generic federal obstruction of justice offense.
B.
“After determining the elements of the generic crime listed in § 1101(a)(43)(S), we next identify the elements of the specific crime of conviction.” Salazar-Luviano, 551 F.3d at 860. “We do not defer to the BIA’s interpretations of state law or provisions of the federal criminal code, and instead must review de novo whether the specific crime of conviction meets the INA’s definition of an aggravated felony.” Id. at 860-61 (internal quotation marks and citation omitted). “If the statute of conviction criminalizes conduct that would not satisfy the federal definition of the crime at issue, then the conviction does not qualify as a predicate offense under the categorical approach.” Fregozo, 576 F.3d at 1035 (quoting Quintero-Salazar v. Keisler, 506 F.3d 688, 692 (9th Cir.2007)) (alteration omitted).
Washington Revised Code § 9A.76.050 defines rendering criminal assistance for the purposes of § 9A.76.080. It states that a person renders criminal assistance if:
[W]ith intent to prevent, hinder, or delay the apprehension or prosecution of an *1162 other person he knows has committed a crime or juvenile offense or is being sought by law enforcement officials for the commission of a crime or juvenile offense he:
(1) Harbors or conceals such person; or
(2) Warns such person of impending discovery or apprehension; or
(3) Provides such person with money, transportation, disguise, or other means of avoiding discovery or apprehension; or
(4) Prevents or obstructs, by use of force, deception, or threat, anyone from performing an act that might aid in the discovery or apprehension of such person; or
(5) Conceals, alters, or destroys any physical evidence that might aid in the discovery or apprehension of such person; or
(6) Provides such person with a weapon.
Wash. Rev. Code § 9A.76.050.
By the statute’s plain language, rendering criminal assistance in violation of Washington law has three elements. Defendant must (1) have the “intent to prevent, hinder or delay the apprehension or prosecution of another person”; (2) “know the person has committed a crime or juvenile offense or is being sought by law enforcement officials for the commission of a crime or juvenile offense”; and (3) commit one of the statutorily enumerated acts, including, as relevant here, providing transportation to the offender.
Washington Revised Code § 9A.76.080 criminalizes conduct falling outside the bounds of the generic federal obstruction of justice crime as defined by Espinoza-Gonzalez because it does not require that defendant commit an act involving “either active interference with proceedings of a tribunal or investigation, or action or threat of action against those who would cooperate with the process of justice.” 22 I. & N. Dec. at 893 (emphasis added). In Salazar-Luviano, we held that an individual cannot actively interfere with the proceedings of a tribunal or investigation unless, at the time of defendant’s act, such a proceeding was pending. 551 F.3d at 862-63; see also Aguilar, 515 U.S. at 597-98, 115 S.Ct. 2357. Salazar-Luviano considered whether escape from custody, as criminalized by 18 U.S.C. § 751, was an offense relating to obstruction of justice. We concluded that:
Because a violation of 18 U.S.C. § 751 does not require the existence of a pending judicial proceeding, much less knowledge of or specific intent to obstruct such a proceeding, one could violate § 751 while serving a sentence in federal prison after the conclusion of all judicial proceedings, for example, or (as here) while in detention before the commencement of any judicial proceedings.
551 F.3d at 862-63. We acknowledged that the Government was “probably correct” that an escape from custody “impedes the prospective judicial or tribunal process,” but held that was insufficient, under the BIA’s narrow interpretation of the term obstruction of justice, to bring petitioner’s crime within the meaning of § 1101(a)(43)(S). 551 F.3d at 863 (emphasis added).
This case is analogous to SalazarLuviano. A defendant could be convicted of rendering criminal assistance in violation of Washington law if he provided transportation to an individual he knows is subject to a pending investigation or proceeding — but he could also be convicted if he provides transportation to an individual he knows has committed a crime, before any investigation or judicial proceeding has begun. The state statute of conviction is divisible, and a conviction for misdemeanor rendering criminal assistance does *1163 not necessarily require the defendant to have provided transportation to an individual who had committed and was being sought for a crime. Providing transportation to an individual who has committed a crime may “impede[ ] the prospective judicial process,” Salazar-Luviano, 551 F.3d at 863, and it is certainly criminal. But that is insufficient to make it obstruction of justice. Espinoza-Gonzalez, 22 I. & N. Dec. at 893-94. Because Washington Revised Code § 9A.76.080 does not require the necessary actus reus, a violation of that statute is not categorically obstruction of justice.
C.
The BIA’s decision in Batista-Hemandez, 211. & N. Dec. 955, does not compel a different conclusion. Batista-Hernandez (decided two years before Espinoza-Gonzalez) considered whether an immigrant who was convicted as an accessory after the fact pursuant to 18 U.S.C. § 3 was removable because he had committed a crime relating to obstruction of justice.[7] 211. & N. Dec. at 961.
Batista-Hemandez’s discussion of 18 U.S.C. § 3 and obstruction of justice is cursory. It states, in its entirety:
“18 U.S.C. § 3 clearly relates to obstruction of justice. In so finding, we note that the wording of 18 U.S.C. § 3 itself indicates its relation to obstruction of justice, for the statute criminalizes actions knowingly taken to “hinder or prevent (another’s) apprehension, trial or punishment.” Moreover, as the D.C. Circuit stated in United States v. Barlow, [470 F.2d 1245, 1253-54 (D.C.Cir.1972)], the nature of being an accessory after the fact lies essentially in obstructing justice and preventing the arrest of the offender.[8] This case law lends further support to our conclusion that the respondent’s crime meets the definition of an obstruction of justice offense.”
211. & N. Dec. at 961.
While we defer to the BIA’s definitions of ambiguous terms in the INA, we do not defer to the BIA’s every conclusion that a particular crime is a removable offense. See, e.g., Renteria-Morales, 551 F.3d at 1081 (‘We view de novo whether the specific crime of conviction meets the INA’s definition of an aggravated felony.”); Mandujano-Real, 526 F.3d at 588-89 (“The answer to [the] question [of whether petitioner’s conviction is an aggravated felony] lies in interpretation of an Oregon criminal statute: this is a matter that is not committed to the BIA’s expertise. Accordingly, we owe no deference to the BIA’s resolution of this question on appeal.”). To determine whether a state or federal conviction constitutes a removable offense, the BIA undertakes a two-part inquiry. First, the BIA must determine *1164 the elements of the state or federal conviction. Fregozo, 576 F.3d at 1034 (citing Marmolejo-Campos v. Holder, 558 F.3d 903, 907 (9th Cir.2009) (en banc)). As the BIA has no statutory expertise in such matters, “we review de novo its determination of the elements of the offense for which the petitioner was convicted.” Fregozo, 576 F.3d at 1034. Second, the BIA must “construe the INA by defining a particular removable offense and applying that definition to a petitioner’s state conviction.” Id. We defer to the BIA’s determinations on the second question to the extent that the BIA’s interpretation is reasonable and precedential. Id. at 1034-35.
Thus, Batista-Hemandez is relevant to the categorical analysis in this case only to the extent it defines obstruction of justice and applies that definition to the identified elements of 18 U.S.C. § 3. Batista-Hernandez does neither. It merely concludes that violation of 18 U.S.C. § 3 is obstruction of justice without defining the ambiguous term, identifying the elements of the statute of conviction, or applying a definition of obstruction of justice to the statute. See 21 I. & N. Dec. at 961. Accordingly, we do not defer to Batista-Hemandez.
In this case, the BIA was correct that Espinozar-Gonzalez, which defined the generic obstruction of justice crime, did not overrule Batista-Hemandez.[9] EspinozarGonzalez distinguished misprision of a felony from accessory after the fact on the grounds that the latter both “references the specific purpose for which” the act is done, 22 I. & N. Dec. at 894, and requires “as an element either active interference with proceedings of a tribunal or investigation, or action or threat of action against those who would cooperate in the process of justice.” Id. at 895. The BIA stated that “concealment of a crime is qualitatively different from an affirmative action to hinder or prevent another’s apprehension, trial, or punishment. It is a lesser offense to conceal a crime where there is no investigation or proceeding, or even an intent to hinder the process of justice.... ” Id. at 895 (emphasis added). Taken as a whole, Espinoza-Gonzalez does not suggest that the BIA considered accessory after the fact to be an offense relating to obstruction of justice even though it does not require the defendant to interfere with an ongoing proceeding or investigation. The language used indicates that the BIA now concludes that accessory after the fact is an obstruction of justice crime when it interferes with an ongoing proceeding or investigation. Thus, we disagree with the dissent’s apparent conclusion that in Espinoza-Gonzalez, the BIA recognized that BatistaHemandez provided a supplemental definition of obstruction of justice not requiring interference with an ongoing proceeding or investigation. Dissent at 1166. The definition provided in Espinoza-Gonzalez — the actus reus and mens rea necessary for a crime to categorically match generic obstruction of justice — controls.
III. Modified Categorical Analysis
Even though § 9A.76.080 criminalizes a broader range of conduct than the generic obstruction of justice crime as defined in Espinozar-Gonzalez, Hoang’s conviction may still qualify as a crime related to obstruction of justice under the modified categorical approach.[10] Under the modi *1165 fied categorical approach, we “conduct a limited examination of documents in the record of conviction” to determine whether petitioner was necessarily convicted of all of the elements of the generic crime. Renteria-Morales, 551 F.3d at 1082 (quoting Ferreira v. Ashcroft, 390 F.3d 1091, 1095 (9th Cir.2004)). If the petitioner pleaded guilty, the examination of the record is “limited to the terms of the charging document, the terms of a plea agreement or transcript of [the plea] colloquy ... or to some comparable judicial record” in which the petitioner confirmed the factual basis for the plea. Shepard v. United States, 544 U.S. 13, 26, 125 S.Ct. 1254, 161 L.Ed.2d 205 (2005); see also United States v. Snellenberger, 548 F.3d 699, 701-02 (9th Cir.2008) (en banc) (per curiam).
Nothing in the record of conviction establishes that there was an ongoing investigation or tribunal at the time Hoang provided transportation to an individual he knew had committed a crime. Hoang pleaded guilty only to providing transportation to a person he knew had committed a class B felony — the plea agreement does not state whether, at the time Hoang provided transportation, the offender was subject to an ongoing investigation or pending judicial proceeding. Therefore, we hold that Hoang’s conviction does not qualify as obstruction of justice under the modified categorical approach.
IV. Conclusion
In sum, Hoang’s conviction for a misdemeanor by rendering criminal assistance in violation of Washington Revised Code § 9A.76.080 lacks the necessary actus reus and is not categorically obstruction of justice according to the definition provided in Espinoza-Gonzalez. Batista-Hemandez does not control this case. Nothing in the record of Hoang’s conviction establishes that he provided assistance to an individual who was subject to a pending judicial proceeding or ongoing police investigation, and so his conviction does not qualify as obstruction of justice under the modified categorical approach. We GRANT the petition for review and REMAND for further proceedings consistent with this opinion.

. Washington Revised Code § 9A.76.080 provides, in relevant part: “A person is guilty of rendering criminal assistance in the second degree if he or she renders criminal assistance to a person who has committed or is being sought for a class B or class C felony.”

. Hoang does not contest on appeal that he was sentenced to at least one year of imprisonment.

. We are aware that the Third Circuit recently held that the phrase "a crime relating to obstruction of justice” is unambiguous as used in the INA, and thus did not defer to the BIA's interpretation of that term. Denis v. Attorney Gen. of the U.S., 633 F.3d 201, 209 (3d Cir.2011) ("Title 18 of the U.S.Code contains a list of crimes entitled ‘obstruction of justice,’ permitting [the courts] to easily determine the types of conduct Congress intended the phrase to encompass.”)

. The federal criminal code defines misprision of a felony as follows:
Whoever, having knowledge of the actual commission of a felony cognizable by a court of the United States, conceals and does not as soon as possible make known the same to some judge or other person in civil or military authority under the United
States, shall be fined under this title or imprisoned not more than three years, or both.
18 U.S.C. § 4.

. Two years after Espinoza-Gonzalez, the BIA reaffirmed that the term obstruction of justice is to be defined by reference to the federal criminal code. It stated:
In [Espinoza-Gonzalez ], we discussed how the term "an offense relating to obstruction of justice” was to be treated for immigration purposes. We concluded that misprision of a felony was not an offense relating to obstruction of justice because it lacked the essential elements that were included in the federal obstruction of justice crimes enumerated in 18 U.S.C. §§ 1501-1518.
In re Martinez-Recinos, 23 I. & N. Dec. 175, 176-77 (2001).

. We disagree with the dissent’s conclusion that this opinion newly interprets Espinoza-Gonzalez. See Dissent at 1167-68 ("[The majority] applies its own interpretation of the standard articulated by the BIA in Espinoza-Gonzalez."). Our discussion of the actus reus and mens rea elements of the generic obstruction of justice crime is taken directly from the BIA’s discussion in Espinoza-Gonzalez and our binding, precedential decisions in Renteria-Morales v. Mukasey, 551 F.3d 1076, 1086 (9th Cir.2008), and Salazar-Luviano v. Mukasey, 551 F.3d 857, 860 (9th Cir.2008).

. 18 U.S.C. § 3 provides that "[w]hoever, knowing that an offense against the United States has been committed, receives, relieves, comforts or assists the offender in order to hinder or prevent his apprehension, trial or punishment” is subject to imprisonment.

. United States v. Barlow, 470 F.2d 1245, 1253-54 (D.C.Cir.1972) noted:
The gist of being an accessory after the fact lies essentially in obstructing justice by rendering assistance to hinder or prevent the arrest of the offender after he has committed the crime. Evidence of this offense is most frequently found in acts which harbor, protect and conceal the individual criminal such as by driving him away after he commits a murder. The very definition of the crime also requires that the felony not be in progress when the assistance is rendered because then he who renders assistance would aid in the commission of the offense and be guilty as a principal. That is precisely the situation we have here.
470 F.2d at 1253-54. When the quoted language from Barlow is read in context, it establishes nothing more than the fact that one cannot be convicted as an accessory after the fact for assistance rendered during the commission of a crime.

. The fact that Espinoza-Gonzalez did not overrule Batista-Hemandez does not, as the dissent suggests, lead to the inevitable conclusion that Batista-Hemandez is entitled to deference. Dissent at 1167-68.

. Because the BIA concluded that § 9A.76.080 was categorically a crime related to obstruction of justice, it did not engage in a modified categorical analysis. The Government does not suggest that we should remand pursuant to INS v. Ventura, 537 U.S. 12, 17-18, 123 S.Ct. 353, 154 L.Ed.2d 272 (2002), *1165 and instead contents itself to rely upon the record as it now stands. Further, in the ordinary case reversing the BIA’s conclusion that petitioner’s conviction is a categorically a removable offense, we need not remand to allow the BIA to apply the modified categorical approach in the first instance. Fernandez-Ruiz v. Gonzales, 466 F.3d 1121, 1132-33 (9th Cir.2006) (en banc).