FILED

JUL 28 2015

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| RAUL BORGES BORBA-CARDOSO, | No. 12-72154 |
| Petitioner, | Agency No. A030-861-138 |
| v. | |
| LORETTA E. LYNCH, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted July 9, 2015
Pasadena, California

Before: W. FLETCHER, PAEZ, and BERZON, Circuit Judges.

Raul Borges Borba-Cardoso petitions for review of the Board of

Immigration Appeals ("BIA") order dismissing his appeal from an Immigration

Judge's ("IJ") order finding him removable for having been convicted of an

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

aggravated felony under 8 U.S.C. § 1101(a)(43)(S). We grant the petition and remand.[1]

**1.** Borba-Cardoso argues that the government erred in failing to substitute in writing a new factual allegation after incorrectly alleging in the Notice to Appear a prior conviction under California Penal Code section "118P." Even assuming the government erred, Borba-Cardoso's argument lacks merit because he fails to show prejudice arising from the error. After the BIA remanded the case to the IJ, the agency considered whether Borba-Cardoso was removable on the basis of an allegation that he had been convicted under California Penal Code section 118(a). As the record reflects, Borba-Cardoso had notice of that allegation after the remand, and the issue was raised and addressed at the hearing before the IJ. Thus, no prejudice arose from the agency's failure to lodge in writing a substitute factual allegation. We therefore reject Borba-Cardoso's notice argument.

**2.** The government proved by clear, unequivocal, and convincing evidence that Borba-Cardoso has a prior conviction for perjury under California Penal Code section 118(a). *See Notash v. Gonzales*, 427 F.3d 693, 697 (9th Cir. 2005). First, we see no plausible explanation for the "P" in the abstract of judgment that would

---

[1] "[W]e have jurisdiction to determine our jurisdiction and to determine as a question of law whether the underlying predicate offense[] render[s] [a petitioner] removable." *Medina-Lara v. Holder*, 771 F.3d 1106, 1111 (9th Cir. 2014).

give rise to any real ambiguity as to whether he had been convicted under section 118(a). Second, the amended abstract of judgment lists a May 26, 2004, conviction for Count 1, "PC 118P PERJURY," without specifying a statutory subpart. The guilty plea form dated May 26, 2004, indicates that Borba-Cardoso was charged, by complaint, with perjury. That form shows a plea under "Count(s)" 1, "Code Section" 118, and "Perjury" as the "Name of Offense." Count 1 of the complaint in the record tracks without material variation the text of section 118(a). *See United States v. Cabrera-Perez*, 751 F.3d 1000,1005–06 (9th Cir. 2014). Thus, the government met its burden of proving Borba-Cardoso's prior conviction under section 118(a).

**3.** The BIA concluded that the prior conviction qualified categorically as an aggravated felony under 8 U.S.C. § 1101(a)(43)(S) by applying *In re Martinez-Recinos*, 23 I. & N. Dec. 175 (BIA 2001). As in *Yim v. Lynch*, No. 12-73079 (9th Cir. filed July 28, 2015), we remand to the BIA to reconsider whether section 118(a) is an aggravated felony, applying "the mode of analysis derived from *Taylor*[ *v. United States*, 495 U.S. 575 (1990),] and its progeny, which we use to determine generic crimes for the purposes of categorical analysis of prior convictions," *United States v. Garcia-Santana*, 774 F.3d 528, 543 (9th Cir. 2014) (footnote omitted). In remanding to the BIA, we conclude that Borba-Cardoso

adequately raised this issue in his appeal to the BIA and in his brief before this court.

**GRANTED and REMANDED in part.**