# Matter of Miguel Angel ALVARADO, Respondent

*Decided December 29, 2016*

U.S. Department of Justice
Executive Office for Immigration Review
Board of Immigration Appeals

(1) The generic definition of "perjury" in section 101(a)(43)(S) of the Immigration and Nationality Act, 8 U.S.C. § 1101(a)(43)(S) (2012), requires that an offender make a material false statement knowingly or willfully while under oath or affirmation where an oath is authorized or required by law.

(2) The crime of perjury in violation of section 118(a) California Penal Code is categorically an offense relating to perjury under section 101(a)(43)(S) of the Act.

FOR RESPONDENT: Edgardo Quintanilla, Esquire, Sherman Oaks, California

FOR THE DEPARTMENT OF HOMELAND SECURITY: Cindy C. Yu, Assistant Chief Counsel

BEFORE: Board Panel: MALPHRUS and CREPPY, Board Members; GELLER, Temporary Board Member.

MALPHRUS, Board Member:

In a decision dated December 1, 2014, we dismissed the respondent's appeal from an Immigration Judge's decision after concluding that his conviction for perjury in violation of section 118(a) of the California Penal Code is categorically a conviction for an aggravated felony that renders him ineligible for relief from removal. On January 13, 2016, the United States Court of Appeals for the Ninth Circuit remanded this case to us to further consider whether the respondent's perjury conviction under California law is for an aggravated felony under section 101(a)(43)(S) of the Immigration and Nationality Act, 8 U.S.C. § 1101(a)(43)(S) (2012). Both parties filed briefs on remand. The respondent's appeal will be dismissed.

## I. FACTUAL AND PROCEDURAL HISTORY

The respondent is a native and citizen of Guatemala who entered the United States without inspection on or about March 3, 1985. On June 1, 1993, he was convicted of perjury in violation of section 118(a) of the California Penal Code and was sentenced to 2 years of incarceration. The Department of Homeland Security initiated removal proceedings on

February 3, 2004, charging him with inadmissibility under section 212(a)(6)(A)(i) of the Act, 8 U.S.C. § 1182(a)(6)(A)(i) (2012), as an alien who is present in the United States without being admitted or paroled.

During the proceedings, the respondent conceded removability and applied for cancellation of removal under section 240A(b)(1) of the Act, 8 U.S.C. § 1229b(b)(1) (2012), special rule cancellation of removal under section 203 of the Nicaraguan Adjustment and Central American Relief Act ("NACARA"), Pub. L. No. 105-100, 111 Stat. 2160, 2193, 2196 (1997), *amended by* Pub. L. No. 105-139, 111 Stat. 2644 (1997), and suspension of deportation under former section 244(a) of the Act, 8 U.S.C. § 1254(a) (1994). Relying on *Matter of Martinez-Recinos*, 23 I&N Dec. 175 (BIA 2001) (en banc), the Immigration Judge concluded that the respondent's perjury conviction is for an aggravated felony that renders him ineligible for relief from removal pursuant to section 101(a)(43)(S) of the Act. We affirmed the Immigration Judge's conclusion in this regard.

The respondent filed a petition for review in the Ninth Circuit, which granted an unopposed motion to remand. We have been asked to further consider our previous determination in *Matter of Martinez-Recinos* that 18 U.S.C. § 1621 (1994) provides the generic definition of perjury for purposes of section 101(a)(43)(S) of the Act.[1]

## II. ANALYSIS

The definition of the term "aggravated felony" includes "an offense relating to . . . perjury . . . for which the term of imprisonment is at least one year." Section 101(a)(43)(S) of the Act. In *Matter of Martinez-Recinos*, 23 I&N Dec. at 177, we held that a violation of section 118(a) of the California Penal Code is categorically an aggravated felony perjury offense.[2] Because neither the language of the Act nor prior case law

---

[1]   Because the record was remanded for this purpose only, no other issues are before us, including the denial of the respondent's applications for relief.

[2]   At all relevant times, section 118(a) of the California Penal Code has provided, in pertinent part, as follows:

> Every person who, having taken an oath that he or she will testify, declare, depose, or certify truly before any competent tribunal, officer, or person, in any of the cases in which the oath may by law of the State of California be administered, willfully and contrary to the oath, states as true any material matter which he or she knows to be false, and every person who testifies, declares, deposes, or certifies under penalty of perjury in any of the cases in which the testimony, declarations, depositions, or certification is permitted by law of the State of California under
>
> (continued . . .)

described the Federal generic definition of aggravated felony perjury at that time, we looked to 18 U.S.C. § 1621, the Federal statute defining perjury, to define the generic crime. Comparing the elements of section 118(a) to those in § 1621, we concluded that "the provisions of each statute are essentially the same" and therefore that section 118(a) matches the generic definition of perjury. *Id.*

In so holding, we did not explain why we relied on § 1621 for the generic definition of perjury. Upon further consideration, we conclude that 18 U.S.C. § 1621 alone does not provide the generic definition of perjury for purposes of section 101(a)(43)(S) of the Act. Instead, we find it appropriate to adopt a generic definition based on how the crime of perjury was commonly defined at the time section 101(a)(43)(S) was enacted. We therefore look first to the definition of the term "perjury" that Congress contemplated when it added the offense to the Act in 1996. *See Taylor v. United States*, 495 U.S. 575, 592, 598 (1990) (construing an offense's generic definition in accordance with its "contemporary usage," or the "sense in which the term is . . . used in the criminal codes of most States"); *Perrin v. United States*, 444 U.S. 37, 42 (1979) (looking "to the ordinary meaning of the term 'bribery' at the time Congress enacted the statute"); *see also Matter of M-W-*, 25 I&N Dec. 748, 751–52 (BIA 2012).

Accordingly, we will survey the definitions codified in State and Federal statutes, the Model Penal Code, and the scholarly commentary that existed in 1996 to determine the contemporary usage of the term "perjury" at the time section 101(a)(43)(S) was enacted. This approach will allow us to articulate a "uniform definition [of perjury] independent of the labels employed by the various States' criminal codes." *Taylor*, 495 U.S. at 592; *see also United States v. Garcia-Santana*, 774 F.3d 528, 533–34 (9th Cir. 2014) (citing *Taylor* and describing the appropriate method for determining the contemporary usage of a term).[3] We will withdraw from *Matter of Martinez-Recinos* to the extent that it conflicts with this new analysis.[4]

---

penalty of perjury and willfully states as true any material matter which he or she knows to be false, is guilty of perjury.

[3]  We recognize that the Ninth Circuit has applied the current versions of State statutes when determining the generic definition of an offense. *See Garcia-Santana*, 774 F.3d at 535 n.4. However, because we do not discern any meaningful difference between State perjury statutes in 1996 and contemporary provisions, this would not affect the outcome of our analysis.

[4]  Although *Matter of Martinez-Recinos* was rendered by the Board en banc and this case is being decided by a three-member panel, a majority of the permanent Board members have designated this decision for publication, and it will serve as precedent

(continued . . .)

### A.  Survey of Perjury Statutes

The offense of perjury, which has a long history in American jurisprudence, has not diverged significantly from its common law roots. *United States v. Norris*, 300 U.S. 564, 574 (1937) (stating that perjury has been a common law crime since at least the 17th century and "the conception embodied in the common law definition of perjury has been embodied in statutes"); *cf. Matter of M-W-*, 25 I&N Dec. at 751 (looking to common law to discern the generic definition of the crime of "murder," which we found had "not diverged significantly from its common-law roots").  At common law, perjury was defined as "a crime committed when a lawful oath is administered, in some judicial proceeding, to a person who swears willfully, absolutely, and falsely, in a matter material to the issue or point in question."  4 William Blackstone, Commentaries on the Laws of England, 136–37 (1769).  *See generally United States v. Wells*, 519 U.S. 482, 504 n.6 (1997) (Stevens, J., dissenting) (describing the common law definition of perjury).

The Model Penal Code slightly expanded the common law definition of perjury by proscribing false statements made "in any official proceeding," not just those made in "judicial" proceedings.  Model Penal Code § 241.1(1) (1985).  Consequently, under the Model Penal Code, a perjury offense may occur "before any legislative, judicial, administrative or other governmental agency or official authorized to take evidence under oath."  Model Penal Code § 240.0(4) (defining the term "official proceeding" for purposes of section 241.1 of the Model Penal Code).

The States' perjury laws have many similarities to the common law and Model Penal Code definitions.  When the term "perjury" was added to section 101(a)(43)(S) of the Act in 1996, the majority of States agreed that perjury must at least include (1) a material (2) false statement (3) made knowingly or willfully[5] (4) while under oath, affirmation, or under penalty of perjury.

---

going forward.  *See* 8 C.F.R. § 1003.1(g) (2016) ("By majority vote of the permanent Board members, selected decisions of the Board rendered by a three-member panel or by the Board en banc may be designated to serve as precedents in all proceedings involving the same issue or issues.").

[5]  Some States had a "knowing" mens rea in their perjury statutes, while others included a "willful" requirement.  However, these states of mind are not meaningfully distinguishable because courts have uniformly interpreted the willfulness requirement of perjury to mean that the defendant *knowingly* made the false statement.  *See Bronston v. United States*, 409 U.S. 352, 359 (1973) (stating that for purposes of the Federal perjury statute, "the state of mind of the witness is relevant only to the extent that it bears on whether 'he does not believe (his answer) to be true'"); *see also Matter of Esqueda*,

(continued . . .)

In 1996, many State perjury laws, as well as the Federal statute,[6] included language reflecting that a false statement must be made under oath at a "proceeding" before it will be considered perjury. While some State statutes did not clearly include this requirement,[7] the majority of States, the Model Penal Code, and the Federal statute required that the witness take the oath in an "official proceeding,"[8] or in a proceeding where an oath was

---

20 I&N Dec. 850, 858 (BIA 1994) (stating that the word "willful" generally means that "a person acts *knowingly* with respect to the material elements of the offense, unless a purpose to impose further requirements appears" (emphasis in original) (quoting *United States v. Hoyland*, 914 F.2d 1125, 1129 (9th Cir. 1990))); Model Penal Code § 2.02(8); 2-48 Modern Federal Jury Instructions—Criminal § 48.01.

[6] At the time when Congress enacted section 101(a)(43)(S), the Federal perjury statute at 18 U.S.C. § 1621 set forth the following comprehensive definition of perjury:

> Whoever—
>    (1) having taken an oath before a competent tribunal, officer, or person, in any case in which a law of the United States authorizes an oath to be administered, that he will testify, declare, depose, or certify truly, or that any written testimony, declaration, deposition, or certificate by him subscribed, is true, willfully and contrary to such oath states or subscribes any material matter which he does not believe to be true; or
>    (2) in any declaration, certificate, verification, or statement under penalty of perjury as permitted under section 1746 of title 28, United States Code, willfully subscribes as true any material matter which he does not believe to be true;
> is guilty of perjury . . . .

[7]    *See, e.g.*, Alaska Stat. Ann. § 11.56.200 (West 1996); Ariz. Rev. Stat. Ann. § 13-2702 (1996); N.Y. Penal Law § 210.15 (McKinney 1996); Or. Rev. Stat. Ann. § 162.065 (West 1996); R.I. Gen. Laws Ann. § 11-33-1 (West 1996); Tenn. Code Ann. § 39-16-702 (West 1996); Va. Code Ann. § 18.2-434 (West 1996).

[8]    *See, e.g.*, Ala. Code § 13A-10-101 (1996) (proscribing perjury in the first degree); Ark. Code Ann. § 5-53-102 (West 1995); Colo. Rev. Stat. Ann. § 18-8-502 (West 1996) (criminalizing perjury in the first degree); Conn. Gen. Stat. Ann. § 53a-156 (West 1996); Fla. Stat. Ann. § 837.02 (West 1996) (proscribing perjury in official proceedings); Haw. Rev. Stat. Ann. § 710-1060 (West 1996); Ky. Rev. Stat. Ann. § 523.020 (West 1996) (criminalizing perjury in the first degree); Me. Rev. Stat. Ann. tit. 17-A, § 451 (1996); Mo. Ann. Stat. § 575.040 (West 1996); Mont. Code Ann. § 45-7-201 (West 1996); Neb. Rev. Stat. Ann. § 28-915 (West 1996); N.H. Rev. Stat. Ann. § 641:1 (1996); N.J. Stat. Ann. § 2C:28-1 (West 1996); N.M. Stat. Ann. § 30-25-1 (West 1996); N.D. Cent. Code Ann. § 12.1-11-01 (West 1995); Ohio Rev. Code Ann. § 2921.11 (West 1996); 18 Pa. Stat. and Cons. Stat. Ann. § 4902 (West 1996); Utah Code Ann. § 76-8-502 (West 1996) (proscribing false or inconsistent material statements); Wash. Rev. Code Ann. § 9A.72.020 (West 1996) (criminalizing perjury in the first degree).

either "required or authorized by law."[9]  For our purposes, we see no meaningful distinction between an official proceeding and one where an oath is authorized as part of the proceeding.  *See* Model Penal Code § 240.0(4) (including within an "official proceeding" a proceeding that is heard before an official who is "authorized to take evidence under oath").

Because "removal proceedings are a function of Federal law," we also rely to a "significant degree" on 18 U.S.C. § 1621—the Federal perjury statute at the time that section 101(a)(43)(S) was enacted—to discern the elements of generic perjury.  *Matter of M-W-*, 25 I&N Dec. at 752 n.5 (quoting *Matter of Rodriguez-Rodriguez*, 22 I&N Dec. 991, 994–95 (BIA 1999)).  The roots of § 1621 date back to at least the Perjury Statute of 1563, and the statute has "remained unchanged in its material respects for over a century."  *United States v. Dunnigan*, 507 U.S. 87, 94 (1993).  We therefore presume that Congress was familiar with 18 U.S.C. § 1621 when it enacted section 101(a)(43)(S) of the Act.  *Miles v. Apex Marine Corp.*, 498 U.S. 19, 32 (1990) ("We assume that Congress is aware of existing law when it passes legislation.").

The Supreme Court has clarified that a witness violates this statute when, while testifying under oath or affirmation, he or she "gives false testimony concerning a material matter with the willful intent to provide false testimony, rather than as a result of confusion, mistake, or faulty memory."  *Dunnigan*, 507 U.S. at 94.[10]  This definition is consistent with the central elements of perjury set forth in the majority of State statutes, the Model Penal Code, and the common law.  *See id.* (recognizing that 18 U.S.C. § 1621 "parallels typical state-law definitions of perjury" and has "gained general acceptance" as the acknowledged definition of perjury).

---

[9]  Iowa Code Ann. § 720.2 (West 1996); *see also, e.g.*, D.C. Code § 22-2511 (West 1996); Idaho Code Ann. § 18-5401 (West 1996); 720 Ill. Comp. Stat. Ann. 5/32-2 (West 1996); Kan. Stat. Ann. § 21-3805 (West 1996); Mass. Gen. Laws Ann. ch. 268, § 1 (West 1996); Nev. Rev. Stat. Ann. § 199.120 (West 1996); N.C. Gen. Stat. Ann. § 14-209 (West 1996); S.D. Codified Laws § 22-29-1 (1996); Wyo. Stat. Ann. § 6-5-301 (West 1996).

[10]  The majority of the circuit courts have adopted this articulation of the elements of 18 U.S.C. § 1621.  *See, e.g.*, *United States v. Thompson*, 808 F.3d 190, 194 (2d Cir. 2015) (per curiam); *United States v. Waters*, 799 F.3d 964, 974 (8th Cir. 2015); *United States v. Rodebaugh*, 798 F.3d 1281, 1300 (10th Cir. 2015) (per curiam); *United States v. Fermin*, 771 F.3d 71, 81 (1st Cir. 2014); *United States v. Riney*, 742 F.3d 785, 790 (7th Cir. 2014); *United States v. Watkins*, 691 F.3d 841, 851 (6th Cir. 2012); *United States v. Armstrong*, 620 F.3d 1172, 1176 (9th Cir. 2010); *United States v. Singh*, 291 F.3d 756, 763 & n.4 (11th Cir. 2002); *United States v. Sarihifard*, 155 F.3d 301, 306 (4th Cir. 1998); *United States v. Como*, 53 F.3d 87, 89 (5th Cir. 1995); *United States v. Rose*, 215 F.2d 617, 622–23 (3d Cir. 1954).

Based on the above, we conclude that the generic definition of the term "perjury" in section 101(a)(43)(S) of the Act requires that an offender make a material false statement knowingly or willfully while under oath or affirmation where an oath is authorized or required by law. *See Taylor*, 495 U.S. at 598; *Garcia-Santana*, 774 F.3d at 534; *see also United States v. Esparza-Herrera*, 557 F.3d 1019, 1025 (9th Cir. 2009) (finding that a consensus among 33 States regarding the elements of aggravated assault was sufficient to establish the elements of the generic definition of that crime).[11]

Because the majority of States, the Model Penal Code, and the Federal statute included the foregoing elements in their definition of perjury when Congress enacted section 101(a)(43)(S) of the Act, we conclude that this definition also embodies the level of criminal liability that Congress intended when it added the offense of perjury to the Act in 1996. *See Torres v. Lynch*, 136 S. Ct. 1619, 1628 (2016) (refusing to construe section 101(a)(43) of the Act so as to produce the "haphazard" result of including some serious State offenses while excluding others); *Matter of H. Estrada*, 26 I&N Dec. 749, 752–53 (BIA 2016) (rejecting an interpretation of the Act that "frustrate[s] the manifest purpose of the legislation by rendering it inapplicable in the clear majority of the States").

## B. California Perjury Statute

Comparing the elements of section 118(a) of the California Penal Code to the generic definition of perjury, we conclude that the respondent's conviction is categorically for an offense "relating to" perjury under section 101(a)(43)(S) of the Act. We have consistently ascribed an expansive meaning to the phrase "relating to" under the Act. *Matter of Oppedisano*, 26 I&N Dec. 202, 204 (BIA 2013) (stating that a "relating to" parenthetical in the Act is "widely understood to have a descriptive import" (quoting *United States v. Harrell*, 637 F.3d 1008, 1012 (9th Cir. 2011))); *Matter of Gruenangerl*, 25 I&N Dec. 351, 356 (BIA 2010) (concluding that the phrase "relating to" in section 101(a)(43)(R) of the Act "encompasses a broad range of conduct"); *see also Mellouli v. Lynch*, 135 S. Ct. 1980, 1990 (2015) (recognizing that the phrase "'relating to' [is] 'broad' and 'indeterminate'" (citation omitted)).

Section 118(a) criminalizes both oral and written perjury. *See Rivera v. Lynch*, 816 F.3d 1064, 1072 (9th Cir. 2015). The Ninth Circuit has held that oral perjury under section 118(a) requires proof of "a willful statement,

---

[11] Mirroring the Federal statute and many State statutes, this generic definition incorporates false statements made orally and in writing under penalty of perjury.

under oath, of any material matter which the witness knows to be false." *Id.* (quoting *Chein v. Shumsky*, 373 F.3d 978, 983 (9th Cir. 2004)). Such an oath must also be provided "under circumstances in which the oath of the State of California lawfully may be given." Judicial Council of California Criminal Jury Instructions (2016 edition), CALCRIM No. 2640. Written perjury under section 118(a) mirrors oral perjury as to materiality and willfulness, but it also requires that a false statement be provided "under penalty of perjury" in circumstances "permitted by law." *Id.*; *see also Rivera*, 816 F.3d at 1072.[12]

Because a person who violates section 118(a) must make a material false statement knowingly or willfully while under oath or affirmation where an oath is authorized or required by law, the elements of the respondent's State statute of conviction match those of the generic definition of perjury.[13] The California statute substantially emulates the Federal crime of perjury proscribed by 18 U.S.C. § 1621, which has its roots in common law and is generally accepted as the acknowledged definition of perjury.[14] *See Dunnigan*, 507 U.S. at 94. We therefore infer that Congress intended a conviction under section 118(a) of the California Penal Code to categorically fall within the generic definition of an offense

---

[12] In *Rivera*, 816 F.3d at 1075, the Ninth Circuit held that a violation of section 118(a) of the California Penal Code is not categorically a crime involving moral turpitude, contrary to our determination in *Matter of Martinez-Recinos*, 23 I&N Dec. at 178. The court found that section 118(a) does not require an intent to defraud and encompasses conduct that is not base, vile, or depraved. However, those findings are not relevant to whether the offense is an aggravated felony. Therefore, the court's conclusion in this regard is not dispositive of whether a violation of section 118(a) is categorically an offense related to perjury under section 101(a)(43)(S) of the Act. *See Matter of Abdelghany*, 26 I&N Dec. 254, 262–63 (BIA 2014) (noting that an offense that renders an alien deportable as an aggravated felon may not render him or her inadmissible as an alien convicted of a crime involving moral turpitude).

[13] As noted, the generic definition of perjury incorporates both written and oral perjury. It therefore covers State statutes, like section 118(a) of the California Penal Code, that criminalize written perjury provided "under penalty of perjury." *See Rivera*, 816 F.3d at 1072 (stating that "written perjury, by contrast, requires only that the false statement be in writing under penalty of perjury").

[14] While we agree with the Ninth Circuit that section 118(a) of the California Penal Code is broader than the common law definition of perjury, our aggravated felony analysis concerns the generic definition of the offense based on the commonly understood meaning of perjury at the time section 101(a)(43)(S) was enacted, which may diverge from the common law. *See Rivera*, 816 F.3d at 1074; *see also Taylor*, 495 U.S. at 594 (declining "to follow any rule that a statutory term is to be given its common-law meaning, when that meaning is obsolete or inconsistent with the statute's purpose"); *Perrin*, 444 U.S. at 48–49.

"relating to . . . perjury" when it enacted section 101(a)(43)(S) of the Act.[15] Given that the respondent pled guilty to an offense relating to the generic definition of perjury and was sentenced to more than 1 year of imprisonment, his conviction is categorically for an aggravated felony under section 101(a)(43)(S) of the Act.

## III. CONCLUSION

We conclude that the crime of perjury in violation of section 118(a) of the California Penal Code is categorically an offense relating to perjury under section 101(a)(43)(S) of the Act. It is therefore an aggravated felony that renders the respondent ineligible for the relief he seeks. Accordingly, the respondent's appeal will be dismissed.

**ORDER:** The appeal is dismissed.

---

[15] The respondent argues on remand that section 118(a) of the California Penal Code is not a categorical match to 18 U.S.C. § 1621 because the Federal statute includes as an element "subscribing or having a legal document subscribed." The respondent also states that § 1621 can be violated when a person "does not believe a statement is true," while section 118(a) requires that the person state as true a matter that "he knows to be false." We need not decide whether these distinctions are meaningful because both of the respondent's assertions contemplate that the Federal statute is broader than the California statute. Thus, they do not persuade us to alter our conclusion that all conduct punishable under the California statute falls within the Federal definition of perjury. *See Mathis v. United States*, 136 S. Ct. 2243, 2257 (2016) (stating that a crime of conviction is regarded as a categorical match if its elements are "the same as, *or narrower than*, the relevant generic offense" (emphasis added)).